ISETT & BREWSTER v. OGLEVIE & Co.

1. JUDGMENT WILL NOT BE REVERSED FOR AN IMMATERIAL ERROR. The judgment of the court below will not be reversed, unless the appellant shows affirmatively an error in the ruling of the court, whereby his rights were prejudiced.

2. INTEREST ON OPEN ACCOUNT. When not otherwise agreed by the parties, interest on money due on an open account, should be allowed at the rate of six per cent per annum commencing six months after the date of the last item. Chapter 37, section one, Laws Fourth General Assembly.

3. INTEREST ON BANKER'S ACCOUNT. Where the defendants kept an account with plaintiffs as bankers, and at the end of each month a balance of account was ascertained and entered in the books of both parties, and interest reconed thereon; and it was shown that such was the custom of bankers, and that it was known to the defendant, but that he never interposed any objection thereto; *Held*, that plaintiffs were entitled to have interest computed on their account by monthly rests, and that the court did not err in refusing to instruct otherwise.

*Appeal from Muscatine District Court.*

TUESDAY, OCTOBER 18.

A statement of the case is embodied in the opinion of the court.

*D. C. Cloud*, for the appellant.

*Richman & Bro.*, for the appellee.

STOCKTON, J.—The plaintiffs, averring that they are bankers, and that as such, it is part of their business to make loans and advances to their customers, charge that at the special instance and request of defendants, and for the purpose of accommodating them in their business, they loaned to

said defendants, and allowed them to overcheck and over draw upon them at various times, and for divers large amounts of money, and that there is due to them on account of such loans and advances, the sum of *four thousand, four hundred and ninety dollars and fifty-one cents,* including the interest up to December 9, 1857, for which amount, with interest and costs, they ask judgment against defendants.

The defendants answered, and issue being joined upon the averments of the petition, by agreement of parties, the plaintiffs' account was referred to C. Weed, who was to examine the same and compare the items charged, with plaintiffs' books of account, and report to the court as to the correctness or incorrectness of the same. It was thereupon further agreed that upon the returns of the report of the referee, the clerk of the court should compute the interest on the account, under the direction of the court as to the mode of computation, and for the amount thus found to be due the plaintiffs, judgment was to be entered.

It was shown that plaintiffs were bankers as alleged; that defendants kept an account with them, and that during the continuance of the dealings between them, monthly settlements were had, and balances struck and entered in plaintiffs' books, and also in a pass book kept by defendants; that it was the custom of bankers to strike balances monthly, giving and charging interest on all balances; that these balances had been entered in defendants' books as well as in plaintiffs' books, monthly, and interest charged or credited accordingly, and that during the dealings between the parties, defendants make no objection to such mode of charging and crediting interests; that all the charges and credits in said accounts were for cash advanced and cash paid, and that the interest charged was at the rate of six *per centum per annum..* The referee reported that he had examined the account of the plaintiffs and compared the same with their books of original entries, and that he found a balance due the plaintiffs from said defendants on the 5th January, 1857, of four thousand two hundred and sixty-seven dollars and eighty-eight cents ($4267,88) without interest.

Isett & Brewster v. Oglevse & Co.

On the coming in of this report, the defendants moved the court to direct the clerk, in computing interest on plaintiffs' account, to compute the same as upon money due on open account, charging no interest until after six months from the date of the last item, and also to direct the clerk not to allow compound interest. The court refused to give this direction, and rendered judgment without further proof, for the amount of the plaintiffs' claim subject to the computation of interest by the clerk. The record entry states that the report of the referee being approved by the court, from which it appeared that there was due from defendants, to the plaintiffs, the sum of $4267,88, without interest; and the action being founded upon a bank account, the court ordered the clerk to assess the amount due, and the same being done, amounted to the sum of $4534,66, for which judgment was rendered.

The errors assigned are the refusal of the court to direct the clerk as to the mode of computing interest on the plaintiffs' account, and the refusal to direct the clerk not to allow compound interest.

The agreement of the parties was that the referee should examine and report as to the correctness or incorrectness of the items charged in the plaintiffs' account, and that upon the confirmation of his report, the clerk, under the direction of the court as to the mode of computing interest on the account, should ascertain the amount due, for which judgment was to be rendered.

The interest computed by the clerk and allowed by the court is $266.78, What direction, if any, was given by the court as to the mode of computing the interest, does not appear, nor is it shown upon what rule, nor by what method of computation the clerk arrived at the result above shown.

But the court did not necessarily err in refusing to direct the clerk as requested by the defendant, if he was otherwise properly directed as to the mode of reckoning the interest, nor should the judgment be reversed, for the reason that it does not appear that the court gave any direction to the clerk

as to the proper mode of computing the interest, if it otherwise appears that without such direction, the interest was reckoned by him as the plaintiffs were entitled by law to have the same reckoned. The defendants must show affirmatively that some error has been committed by the court, prejudicial to their rights before the judgment can be interfered with.

The statute provides that interest shall be allowed at the rate of *six per centum per annum* on money due on open account, after six months from the date of the last item. Act of January 20, 1863, chapter 37, section 1, page 67. This would be the rule of law, and the direction of the clerk asked to be given by defendants, should have been given accordingly, if no other mode of computing interest on the account had been agreed upon by the parties. We understand the claim of the plaintiffs to be, however, that it had been shown by them that they were bankers and that defendants kept an account with them; that settlements were made at the end of each month, at which time the balance of account were ascertained, and entered in the books of the respective parties, and interest reckoned thereon in favor of the party entitled thereto; that such was the custom of bankers; that such custom and the practice of plaintiffs were known to defendants who made no objection thereto; and that upon such showing they were entitled to have interest on their account reckoned monthly from the end of each month. Whether the interest of the plaintiffs' account was or was not reckoned by the clerk upon this rule, is not, as we have stated, shown by the record. To this, however, we think they were entitled. As the accounts of the parties were settled at the end of each month, and the balance struck, interest on such balance is allowed by law to be reckoned as upon a matured account from the day the balance is ascertained. Act of January 20, 1853, section 1, page 67. The objection is not well taken that the interest was compounded. The bill of particulars shows a dealing between the parties to a large amount, with almost daily items of debit and credit, of money de-

posited by defendants with the plaintiffs, and drawn out again upon their checks and drafts, and running through the whole year—the balance against the defendants on the plaintiffs' books, at no time during the year falling below three thousand dollars. It is no objection, therefore, as we think, to the mode of computation claimed by plaintiffs that the interest for each month is carried to and made part of the principal for the next, and the instruction as asked by the defendant that the clerk should not compound the interest, was properly refused.

As it is not shown by defendant that any erroneous principle has been established by the ruling of the court, or any improper mode adopted in the computation of interest, nor that the interest allowed is greater than the plaintiffs were by law entitled to have, the judgment of the District Court is affirmed.

Judgment affirmed.