## MANN v. CROSS.

1. EVIDENCE: ASSIGNMENT OF A NOTE AND MORTGAGE. The assignment, in writing, of a note and mortgage, cannot be overcome by the evidence of one witness, showing by the admissions of the assignee, that he was acting after such assignment, under the advice and directions of the original payee.

2. INTEREST UPON INTEREST. When, by the terms of a note, interest thereon is payable annually, the interest on the principal, after it becomes due, constitutes an indebtedness to the payee, upon which interest should be computed, in the absence of any agreement as to the rate, at six per cent per annum.

*Appeal from Jasper District Court.*

TUESDAY, OCTOBER 18.

This was a proceeding to foreclose a mortgage. The points relied upon to reverse the judgment are presented in the opinion. The defendant appeals.

*Miller & Winslow*, for the appellants, cited 1 Chit. Pl. 1; Code of 1851, sections 1676 and 2084; *Buckbee* v. *Brown*, 21 Wen. 110; 3 Bouv. Inst. 133, and cases there cited; *Hunt* v. *Collins*, 4 Iowa 56.

*Seevers and Smith*, for the appellee, relied upon, *Rosseau* v. *Fine*, 1 Iowa 98; *Keine* v. *Ruff*, Ib. 482; *Floyd* v. *Mosier*, Ib. 512; *Lyster* v. *Lyster*, Ib. 130; *McGregor, Lawes & Blakemore* v. *Armill*, 2 Ib. 30; *Schleneker* v. *Risley*, 3 Scam. 488; *Bank of Illinois* v. *Batty*, 4 Ib. 200; *Roach* v. *Hulings*, 16 Peters 321; *Garber* v. *Morrison & White*, 3 Iowa 476.

WRIGHT, C. J.—Appellant relies upon two grounds to reverse this judgment.

The first is, that the testimony showed that the note and mortgage belonged to a third person, and that complainant was not the real party in interest. Granting that the testimony is properly before us, we need only say that it falls far short of sustaining appellant's position. It consists of that of one witness, who details conversations had with complainant, "tending," in the language of the record, "to prove that he (complainant) was acting in the collection of the claim, under and through the advice and direction of the original payee of the note." Against the written evidence contained in the assignments found upon the note and mortgage, this testimony, giving it all the weight of clear and positive proof, cannot avail. *Farwell* v. *Tyler*, 5 Iowa 535; *Allen* v. *Newbury*, 8 Ib. 65.

The second ground is, that the judgment is for an amount greater than appears to be owing from the face of the note. Complainant confesses this error, and there is but one question to be determined. The note draws ten per cent interest, "*the interest to be paid annually*." It seems that annual rests were made, and that interest at *ten* per cent was allowed on the annual interest. This was clearly erroneous, and is confessed to be so by complainant. Was he entitled to *six* per cent upon the interest annually due? We think he was. The respondent was under a legal obligation to pay this interest at the end of the year, it was a sum of money then due, without a contract fixing the rate of interest upon it, and for which he might have been sued. He was therefore

bound to pay its legal value, which by our law, in the absence of a written agreement reserving more, is fixed at six cents cents on the hundred. Chapter 37, page 67, Laws 1853. And see 2 Par. on Cont. 428–31 and note *e*; 1 Am. Lead. C. 522—3; *Pierce* v. *Rowe*, 1 N. H. 179; *Dodge* v. *Perkins*, 9 Pick. 368.

On account of the error in the amount of interest allowed, the appellant recovers the cost of this appeal, and decree to be entered in this court in accordance with this opinion.