PRESTON v. WALKER.

1. Practice: AS TO WHO HOLDS THE AFFIRMATIVE. While the right to review the question as to which party holds the affirmative of the issue, and has the right of opening and closing the argument, is not absolutely denied, yet there must be a clear case of prejudice to justify a reversal upon this ground, after a trial upon the merits.

26 205
95 645

26 205
101 529

26 205
117 441

26 205
e122 236

26 205
f125 38

26 205
127 165

26 205
129 90

26 205
136 334

2. Interest: COMPOUND INTEREST. Where by the terms of a promissory note, the interest is to be paid annually, the payee or holder is entitled, if the interest be not paid according to the tenor of the instrument, to interest upon the interest thus annually reserved. Following *Mann* v. *Cross*, 9 Iowa, 327.

3. Practice: IRRELEVANT INSTRUCTION. A case will not be reversed upon the ground that an instruction raised an issue not in the case, when its relevancy would depend upon the character of evidence introduced, and the evidence is not all embodied in the record.

### *Appeal from Linn District Court.*

### TUESDAY, DECEMBER 15.

PLAINTIFF declares upon three promissory notes, made in 1859, by defendant, one of them to Callista Walker, and the others to Sarah Stoddard, or bearer. They were all made in New York, and payable there. Those to Sarah Stoddard were due in three and four years, and contained these words, " and interest, the interest to be paid annually." These notes were all indorsed to plaintiff by Alfred Stoddard.

The answer is, first, a denial. In the second place, plaintiff admits the execution of the notes, but claims there is nothing due thereon, because, he says, that Alfred Stoddard, who transferred the notes to plaintiff, as is alleged, after their maturity, was largely indebted in the State of New York, was about to remove west, and wishing to make some arrangement with his property, so as to have it meet his debts, transferred it to defendant, to hold as his agent, to dispose of and sell on the best terms possible, and apply the proceeds to such indebtedness, accounting for any balance to said Stoddard; that said Stoddard wishing to make some immediate arrangement with his creditors, procured defendant to make certain notes payable to divers persons, those in suit among others; that they were to be paid from the avails of prop-

erty so turned over to defendant, and that if the property was not sufficient, said Stoddard was to furnish the means, and to hold defendant harmless.

He then further avers a faithful application of the proceeds; a deficiency; that part of the property, he never got; that some of it was taken by the creditors of Stoddard under legal process; claims for his services, and that he has paid on other notes thus executed more than he received from the property. He also alleges, that plaintiff is not a *bona fide* holder for value, but that Stoddard is the party in interest.

Plaintiff's claim, in substance, was, that defendant bought the property to which he refers, and that there was no agreement such as he sets up in his answer. Upon the issue joined, there was a large amount of evidence, a part of it only, however, is contained in the record. The jury found for plaintiff in the sum of $2,682.30. They also, in answer to special interrogations, found against defendant as to the circumstances alleged by him under which the notes were given.

Plaintiff admitted that the verdict was excessive to the amount of $14.09, and after deducting this, defendant's motion for a new trial was overruled. Judgment on the verdict, and he appeals.

*Cook & Childs* for the appellant.

*Preston & Son* for the appellee.

WRIGHT, J.—I. It is first claimed that the court below erred in refusing defendant's counsel the right to open and close the argument. This right was claimed and refused, and the question fairly arises. Our statute declares that in the argument to the jury, "the party having the burden of the issue shall have the opening and closing" (§ 3047), and

*1. PRACTICE: as to who holds the affirmative.*

that a new trial shall be granted for irregularity in the proceedings of the court, or for any order, or abuse of discretion by which the party was prevented from having a fair trial. § 3112, cl. 1. But the question is, will this court undertake to reverse the action of the court below in this matter, and if so, what is the rule?

It was held as recently as in June, 1867 (*Fountain* v. *West*, 23 Iowa, 14), that it would require a very clear case of prejudice, resulting from the action of the court in directing the argument, to justify reversing, for this reason, a judgment, after trial upon the merits. And this is fully sustained by *Goodpastor* v. *Voris* (8 Iowa, 335), where it is said that this is not a proper matter upon which to base an appeal, nor for the assignment of an error, going even further than the more recent case just cited. To the same effect will be found *Smith et al.* v. *Cooper & Clarke* (9 Iowa, 379), and *Woodward* v. *Laverty* (14 Iowa, 383). So that for this State the rule must be regarded as settled, that while the right to review such a question is not absolutely denied, yet there must be a clear case of prejudice in order to justify a reversal upon this ground. We are aware that in some of the States the point has been ruled otherwise. Others again are found in harmony with the rule recognized by us. In the conflict, we deem it safe to stand by what has been decided. The statute, we may observe, declares nothing more than what was the practice at common law, and it cannot be claimed, therefore, to introduce a new rule, nor to give the right more absolutely than if there was no such provision.

In this case we see no such abuse of discretion, no such case of prejudice, as to justify interference. The testimony is not all before us. There is enough, however, to show that the *prima facia* case made by the introduction of the notes, had but little place in the trial of the

cause. The real contest was, whether there was a sale of the property referred to in defendant's answer, or did he take it as agent, to hold and dispose of, as he alleges. In such cases, and many others of a similar nature, the question as to where is the burden of proof is frequently so nicely balanced, and it depends so much upon the facts as they are developed, and upon the actual circumstances of the trial, which can only be fully known by the judge hearing the case, that the appellate court should be most reluctant to interfere. The defendant, it must be remembered, was not deprived of his right to be heard by counsel. It was only a question whether he should be heard in a particular order. The jury found against him generally, and also upon all the specific interrogations submitted to them. The sufficiency of the evidence to warrant this finding, he had a full opportunity to again discuss before the court below, on his motion for a new trial, and was again unsuccessful. In our opinion, we ought not to interfere with the judgment on this ground; and this conclusion is the more reasonable when it is remembered that by the pleadings the issue was upon plaintiff.

II. It is next objected that the court allowed the jury to make annual rests in calculating interest on two of the notes, it being insisted that the true rule is to compute simple interest at seven per cent (as allowed by the laws of New York, where the notes were executed and made payable) on the face of the notes, and nothing more. In this connection it is also claimed, that the judgment, as finally entered, even under the rule adopted by the court, was for too much.

*2. Interest: compound interest.*

It will be remembered that these notes contained. the words, " and interest, *the interest to be paid annually*," and that they were payable in three and four years. The interest thus being made payable at certain fixed times, is there any rule of law or public policy violated in hold-

ing that interest may be charged on such interest from
the time it is thus payable? Upon this question we are
aware of the conflict of authorities. In New Hampshire
and some other States it is held, that interest may be thus
reserved, while in Massachusetts and others the right is
denied. See 3 Par. Con. 152, 153, notes *f* and *g*, and cases
there cited. In this conflict we are content to stand by
the view of the question heretofore taken in this court,
and to hold, therefore, that plaintiff was entitled to inter-
est upon interest as it annually accrued or was payable.
*Mann* v. *Cross*, 9 Iowa, 327, is "on all fours" with this.
There the note drew ten per cent, "the interest to be paid
annually." So in this case. It was there held that plaintiff
was entitled to six per cent upon the interest annually due.
And it seems to us that, as defendant was under a legal
obligation to pay interest at the end of the (each) year,
it was a sum of money then due, without a contract
fixing the rate of interest upon it, and for which he
might have been sued, and that he was, therefore, bound
to pay its legal value. Or in the language of the statute,
it is "money due by express contract," or "money due,"
and as such the promisee is entitled to his interest from the
time it is so due. There is no reason why "money should
not beget money" in this way as well as in any other.

Of course we speak of cases where the contract as to inter-
est is in all its parts reasonable and free from the suspicion
of oppression. In this case there is nothing in the least
tending to show unreasonableness or oppression. Thus
far, therefore, in our opinion the court did not err. See
*Ankelet* v. *Converse*, 17 Ohio, 11.

As to the claim that the judgment *is* excessive, even
under the rule adopted by the court, we remark that we
have, after the most careful calculation, ascertained that
it is excessive to the amount of $11.60.

Preston v. Walker.

Plaintiff avers his readiness to submit to a judgment for the amount really due, or to remit any excess, and to this extent, therefore, the judgment below will be corrected.

In the sixth instruction the court said to the jury that "the real estate having been conveyed by deed, and the notes given therefor, the presumption is, that it was a sale of the property, and that it was not taken by way of agency." To this it is objected that the court assumed that the consideration for the notes was the real estate, while defendant claimed that a part of the consideration was the sale of personal property, or in other words, that the court assumed as true, that which was in controversy.

The argument mistakes the language used by the court and the purpose of the instruction. The real thought was, that the execution of the deed and notes raised the presumption of a sale, and not an agency. There was no intention, certainly, to assume that the real estate formed the sole consideration. The court was here stating the rule under the case supposed, while in other parts of the charge defendant had the benefit of all that he could claim as to the agency touching either the personal or real property, or of any claim that he failed to get any part of the property forming the consideration. And when it is remembered that the jury, after full testimony and fair instructions, found specifically that the notes were *not given for the personal property*, the question is relieved of all possible doubt.

It is said that the seventh instruction raised an issue not in the case, and as to which there was no testimony.

3. PRACTICE: irrelevant instruction.  To give the instruction at length, is unnecessary. It is sufficient to say that the pertinency of it would depend almost entirely upon the evidence. As it is not all before us, we cannot say that it was improper. It is not a case where the pleadings

could legitimately raise an issue upon the matter involved. The main ground of difference, as before stated, was, whether defendant did, or did not, purchase the property. This instruction, for the most' part, points out the effect of certain acts or omissions as matter of evidence, bearing upon this controverted question. In this there was certainly no error. That the court should have said to the jury, in the tenth instruction, that on arriving at a verdict they should be governed by a preponderance of evidence, and that they had no right to allow anything to influence their minds except the evidence, and the law, as given by the court, was so manifestly right as to scarcely need attention. We can hardly conceive of a case, notwithstanding the most earnest objection made to this part of the charge by appellant's counsel, based upon what he esteems the peculiar circumstances attending the trial, — we say we can hardly conceive of a case in which it would not be eminently proper. It by no means denies to jurors the right to exercise their common sense, their duty to weigh testimony in the light of facts or principles, or rules settled or recognized by their own experience. Nor does it prevent a juror bringing to his aid what is styled his intuitive perception of right and wrong, nor of exercising to its fullest extent, his sense of right.

But it would be most dangerous to allow an unbridled and uncurbed license on the part of juries, when they are in a forum where "justice is to be judicially administered." They have no more right to make their own views of right and wrong their guide — ignoring the evidence and the law — than they have to decide legal issues, or make a contract for the parties which, in their opinion, would be more equitable and just than that which they have made. And in view of the appeals made to jurors, and the not unfrequent attempts to lead

them aside from their sworn duties (not, we admit, discernible in this case), courts cannot too earnestly press upon them the necessity of looking to the law and the testimony, uninfluenced by all outside considerations. As to the law, they have no discretion. The facts they judge of, using all the faculties of their minds, reaching a conclusion upon them as they are presented, and not upon those which their prejudices, likes or dislikes, or other considerations or influences, may faintly or vividly present.

Aside from the excess in the judgment to the extent above pointed out, we discover no error in the record. To this extent it will be modified in the court below. Otherwise the judgment is affirmed. Appellant recovering his costs.

Affirmed.