## FOCKLER v. BEACH *et al.*

1. Interest: COMPOUNDING OF. In the calculation of interest it is not proper to compound it at short rests. The debtor should only be charged with simple interest, compounded according to the legal rule at each payment exceeding the interest then due.

2. Trust deed: INSURANCE. The debtor in a deed of trust should be charged with the amount paid by the *cestui que trust* in effecting insurance on the property, where the insurance was effected in the name of the debtor and with his consent.

*Appeal from Dubuque District Court.*

FRIDAY, JULY 28.

SUIT in equity by the debtor, under a deed of trust, to restrain the trustee from selling the trust property; the plaintiff averring that a much less sum, which he had tendered, was due than that claimed by the trustee, and for which he was proceeding to sell. The cause was sent to a referee to take the evidence and report the same with his conclusions. His report, allowing the sale for a larger sum

than plaintiff tendered and less than defendants claimed, was confirmed, and judgment rendered accordingly. The defendants appeal.

*Myron H. Beach* for the appellants.

*D. E. Lyon* for the appellee.

COLE, J.— Two questions are involved in determining the amount due upon the the trust deeds: First. Is the

1. INTEREST: compounding of.

plaintiff concluded by certain settlements he made during the existence of the indebtedness, which was from 1858, wherein he allowed compound interest at short rests, and also certain attorney's fees, or should he be charged with simple interest compounded only according to the legal rule at each payment exceeding the interest then due? The referee adopted the latter rule. In so doing he has attained a result substantially just and in accord with the doctrine announced by this court in *Richardson* v. *Barrick*, 16 Iowa, 407. The evidence here is not as strong as in that case; but it is fairly inferable from all the testimony, that the agreements were assented to by plaintiff, under a well-grounded belief that unless he did so his property would be immediately sold at a great sacrifice under the deed of trust.

Second. Should the plaintiff be charged with the amounts paid by defendant for the insurance of the

2. TRUST DEED: insurance.

property included in the trust deed? The referee held that he should not be. We think otherwise. The insurance was agreed to by him; it was in his name and for his benefit; it was necessary to the perfect security of the indebtedness, and it was not an unreasonable requirement for the extension of the time of payment of the indebtedness, which he secured by agreement thereto. The plaintiff should also be charged with interest on the sums paid for insurance from the date of

payment, and for exchange on New York upon the whole amount of judgment, pursuant to the express terms of the contract.

The cause will be remanded to the district court, with instructions to make the judgment include the amount allowed by the referee, and also the amount paid for insurance and interest thereon, together with exchange on New York at one-fourth of one per cent.

Reversed.