## RAGAN v. DAY ET AL.

1. **Usury**: INTEREST UPON UNPAID INTEREST: QUARTERLY PAYMENTS: A provision in a note requiring the interest to be paid quarterly, and stipulating that the interest if not paid when due shall bear interest at the rate of ten per cent, does not render the contract usurious.

2. **Pleading**: PROMISSORY NOTES. Two or more promissory notes, in an action thereon, may be embraced in a single count of a petition.

*Appeal from Winneshiek Circuit Court.*

### WEDNESDAY, JUNE 13.

ACTION on two promissory notes. A demurrer to the petition, and also a motion that plaintiff be required to sub-

divide the petition in such manner that each cause of action be stated wholly in a count or division by itself, having been overruled the defendants appeal.

*Adams & Bullis,* for appellants.

*H. H. Ragan,* for appellee.

SEEVERS, J.—I. The petition states the cause of action as follows:

"1.  That heretofore, to-wit: on or about the 12th day of March, 1875, the defendants executed to plaintiff a promissory note whereby they, on July 1, 1875, promised to pay the plaintiff $850, with interest at the rate of ten per cent, payable quarterly. All interest not paid when due to bear interest at the rate of ten per cent.

These averments are followed by

"2.  That heretofore, etc.," describing another note of the same date but payable at a different time and for a different amount, but in all other respects identical with the note first described.

On the 9th day of January, 1877, a demurrer to the petition was filed in which it is insisted the notes were usurious 1. USURY: interest upon unpaid interest: quarterly payments. on their face, and on the 12th day of January the demurrer was overruled. The statute against usury was enacted in 1853, and the point made by counsel that making the interest payable quarterly and that it shall bear interest at the rate of ten per cent, although the principal is not payable until a future day, is in violation of such statute, and has been substantially determined against him in *Isett v. Oglevie,* 9 Iowa, 313; *Mann v. Cross,* 9 Iowa, 327; *Hershey v. Hershey,* 18 Iowa, 24; *Preston v. Walker,* 26 Iowa, 205.

When it was determined in *Mann v. Cross* that interest when due bore interest as money due on express contract, it only remained for the parties, by contract in writing, to stipulate that such interest should bear interest at ten per cent to make such rate legal under the statute. The interest thus

due bears interest at ten per cent per annum, not quarterly or for any shorter period than a year.

II. The motion was filed on the 15th day of January, three days after the demurrer was overruled. Conceding a 2. PLEADING: motion may be filed after a demurrer, we are of promissory notes. the opinion that the petition substantially contains two counts. Besides it has been expressly held that two notes may be embraced in a single count. *Stadler Bro. & Co. v. Parmlee,* 10 Iowa, 27; *Merritt v. Nihart,* 11 Iowa, 57.

III. Section 3196 of the Code provides, if this court is satisfied by the record that the appeal is taken for delay, damages not exceeding fifteen per cent may be awarded the appellee. The fact that appellants have been at the expense of printing an abstract and argument is indicative that the appeal has not been taken for delay simply, but tends to show that counsel at least supposed the matters involved in the appeal were of sufficient importance to be presented to this court, and that he had some faith in his success. That he is mistaken is not of itself sufficient to show bad faith. We should hesitate long before inflicting a penalty under such circumstances, and taking into consideration the question presented for determination the motion of appellant in this respect must be overruled.

                                                        AFFIRMED.