## BURROWS v. STRYKER ET AL.

1. **Assignment:** FORECLOSURE: PRACTICE. Where, in an action to foreclose a bond, the assignee thereof made the assignor a party and the latter admitted the assignment, it was *held* that the validity of the assignment could not be questioned by the obligor.

2. **Conveyance:** WARRANTY: INTEREST. When the purchaser of real estate receives a deed of warranty and may at any time take possession and hold it undisturbèd, the fact that the title is questioned does not relieve him from the payment of interest upon the amount of the unpaid purchase money.

3. **Interest:** CONTRACT: LEX LOCI. Where bonds were executed in New York and made payable there, it was *held* that delinquent interest thereon drew interest at the rate of six per cent. Following *Preston v. Walker*, 26 Iowa, 205.

4. ———: DECREE. A decree will draw only the rate of interest of the debt and if a part of the debts drew one rate of interest and a part another, the decree will in like manner draw different rates of interest.

5. **Evidence:** DEPOSITION: PRACTICE. An objection to a deposition based upon the fact that the witness is the resident of another state and the deposition is taken before a notary public in this State, will not be entertained unless made before the deposition is signed.

*Appeal from Polk Circuit Court.*

FRIDAY, DECEMBER 14.

ACTION to foreclose a mortgage executed by the defendant, John Stryker, to the De Moine Navigation & R. R. Company to secure a bond given for the purchase money of certain land. The defendant for answer admits the execution of the bond and mortgage, but denies that the plaintiff is the owner thereof. For further defense the answer avers that prior to the execution of the said bond and mortgage the said De Moine Navigation & R. R. Co. had issued a large quantity of its own bonds, and that said company agreed with the defendant, Stryker, that the said bond and mortgage executed by him might be paid in the bonds of the said company, all which the defendant avers was known to the plaintiff, and the defendant avers that he offered to pay the plaintiff the amount due on his said bond at

the rate of fifty cents on a dollar, which was the value of the said De Moine Navigation & R. R. Company bonds. The defendant further avers that at the time of the execution of the said bond and mortgage in suit and of the conveyance to him by the De Moine Navigation & R. R. Company of the lands for which the same were given, and which are now covered by the mortgage, the said company had no title to the lands so conveyed and acquired none until certain acts of Congress were passed, and that during all the time since the said conveyance by said company the title to the lands has been in litigation and dispute, and that the title has been involved in so great doubt he has been unable with safety or prudence to take possession and cultivate and improve the lands or to sell them.

The bond is dated September 26, 1859, and made payable in New York in five years from date, with interest at seven per cent., payable annually. The court rendered a decree for the plaintiff for the principal of the bond and seven per cent interest thereon, and for six per cent interest on the delinquent interest, and directed that the amount of the decree draw seven per cent interest from the date thereof. The defendant, Stryker, appeals.

*J. M. Elwood* and *C. H. Gatch*, for appellant.

*Nourse & Kauffman*, for appellee.

ADAMS, J.—I. The defendant, Stryker, contends that no assignment was ever made of the bond in suit by said company to the plaintiff, and that the plaintiff is not in fact the owner of the bond. The assignment purports to be executed by one Patterson, as the deputy treasurer of the De Moine Navigation & R. R. Company. The articles of incorporation and by-laws are set out and by them it does not appear that such officer as deputy treasurer is provided for. We are inclined to think that if the plaintiff's title to the bond and mortgage rested upon the assignment alone, as executed by Patterson, it would not be valid. But the plaintiff, by an amendment to his petition,

1. ASSIGN-MENT: foreclosure: practice.

made the De Moine Navigation & R. R. Company defendant, averring that he was the owner of the bond by purchase from the company; that he paid them for the same, and that the money was received and used by them, and prayed that the said company be required to answer the plaintiff's petition, and that it be decreed if there is any defect in law in the assignment of the bond that the plaintiff is the equitable owner thereof. The said company appeared and admitted the assignment, and the court found and decreed that the De Moine Navigation & R. R. Co. did, on the 21st day of May, 1861, sell and assign the said bond to the complainant, Lorenzo Burrows. An admission of the assignment having been made of record by the company, and a decree against the company having been rendered in favor of the plaintiff, the appellant cannot properly now question the plaintiff's title.

II. To show appellant's right to pay his bond in the bonds of the company, he put in evidence a resolution of the company passed sometime previous to the execution of the defendant's bond. The resolution provided that any parties who desire to make payments in full, instead of the credit heretofore allowed, may take any of the said lands at the appraised value, paying therefor $3 per acre in cash or in the bonds of the company, and the residue in the full paid stock of the company at par. In addition to that Stryker testified that "a resolution was passed, in general terms stating that the company would receive in payment bonds of the company for the lands sold, on which bonds and mortgages should be taken." It is also shown that the books of the company prior to 1861 are lost.

The testimony of Stryker in regard to such resolution is not corroborated by the testimony of any other witness. On the other hand, R. S. Burrows, one of the directors, testifies that the only understanding or agreement relative to the company's receiving its bonds in payment was, in substance, that any person purchasing lands of the company by paying part cash, or in stock of the company, might pay the balance, not exceeding $3 per acre, either in the bonds of the company or by bond and mortgage upon the lands purchased, but when the purchaser

had once elected to give his bond and mortgage, and had executed the same, there was no agreement or understanding that he should have a right to pay the same in the bonds of the company. Such being the evidence we are of the opinion that it fails to show the agreement relied on, and it is unnecessary to inquire whether if such had been established the plaintiff would be affected thereby.

III. The evidence shows that the defendant's title was for many years seriously questioned and involved in litigation. Such being the fact he claims that the court below erred in rendering a decree against him for interest. No person, however, prevented the defendant from taking possession, and if he was deterred from doing so it was merely by the doubt which existed in his mind as to whether he would be able to hold possession permanently if he should take it. Several authorities are cited by appellant, to show that no interest should have been allowed, but we have seen none in which interest has not been allowed where there was an express agreement to pay interest, and where the purchaser, as in this case, received a deed of warranty, and might have taken possession at any time and held it undisturbed. It often happens where a title is involved in doubt that the holder of the title is deterred from treating the property precisely as he would if there were no doubts, but we think that where he receives a deed he must be presumed to have bought with reference to whatever doubts there may be respecting the title, and in reliance upon such covenants, if any, as he has taken the precaution to have inserted in his deed. If the deed, in fact, conveys a good title, either because the vendor has such title at the time, or because the deed is a deed of warranty, and he afterward procures a title, the vendor's contract must be considered as performed, and the vendee may, we think, properly be required to perform his. If he has contracted to pay interest we know of no rule of law by which he can be released.

IV. The court allowed interest at the rate of six per cent upon the delinquent interest. This the appellant claims was erroneous. Whether interest can be allowed upon the de-

*[margin note: 2. CONVEYANCE: warranty: interest.]*

linquent interest made payable annually is a question
upon which there is a conflict in the authorities. In this State such interest was allowed in
*Mann v. Cross*, 9 Iowa, 327, and *Preston v. Walker*, 26 Iowa,
205. It is insisted, however, that the rule in New York is otherwise, and that the bonds in this case were made in New
York and are payable there. But in *Preston v. Walker*, above
cited, interest was allowed upon delinquent interest upon notes
made in New York and payable there, and we think that the
decision in this case must be controlled by that.

<span style="margin">3. INTEREST: contract: lex loci.</span>

V. The whole decree bears seven per cent interest. So
much as is made up of interest upon delinquent interest should bear only six per cent.

<span style="margin">4. ——: decree.</span>

VI. The appellant contends that the court erred in allowing the deposition of one R. S. Burrows to be read. The deposition was taken before a notary public in this
State, but the witness was not a resident of the
State. It appears, however, that counsel for the defendant
were present at the examination, and interposed no objection
until the deposition had been signed. No reason is given for
not objecting earlier, and no prejudice is shown. Whatever
objection, if any, might properly have been taken when the
residence of the witness was first disclosed must be regarded
in this case as having been waived.

<span style="margin">5. EVIDENCE: deposition practice.</span>

We see no error except in the matter of interest upon the
decree above set out. The decree is, therefore,

MODIFIED AND AFFIRMED.