BECKWITH ET AL. v. BECKWITH.

1. Where the main object of a suit was to restrain the threatened sale of property named in a trust deed, and for an accounting, costs may be awarded the plaintiff, he being the successful party.

2. A note naming the rate of interest at two per cent. per month was indorsed by an agreement to pay compound interest at fifteen per cent. per annum on a sum named as the amount then due. This sum was arrived at by compounding the interest quarterly, without the knowledge of plaintiff, according to an alleged oral agreement, which plaintiff denied. In an accounting the judgment was for the amount of the note, with interest at two per cent. per month to the date of the indorsement, and from that time to the date of the decree at fifteen per cent. per annum. *Held* no error, since the alleged agreement before the date of the indorsement for compounding the interest quarterly was without effect, under General Statutes of Colorado, section 1708, providing that a higher rate of interest than ten per cent. may be lawful and enforced, if stipulated for in writing.

*Error to District Court of Boulder County.*

GEORGE L. BECKWITH, the defendant in error, was plaintiff in the court below. It appears from the transcript of record that the plaintiff, on the day of the date thereof, made and delivered to George C. Beckwith, one of the defendants below, his promissory note for money loaned, and also a trust deed on real estate to secure the same, which note is as follows:

"$1,000.          BURLINGTON, COLORADO, June 8, 1871.

"For value received, seventeen months after date, I promise to pay to George C. Beckwith or order the sum of one thousand dollars ($1,000), with interest at the rate of two per cent. per month until paid.

"GEORGE L. BECKWITH."

The following indorsements appear upon said note:

"Interest paid on within up to March 5, 1873. March 5, 1874, received on the within two hundred and sixty-two 47-100 dollars interest on the within note, to March 5, 1874. In consideration of extending the payment of the within note twelve months from the date hereof, I hereby agree to pay interest on the balance now due, to wit, $1,652, on the within note, from date until paid, at fifteen per cent. per annum from date until paid; inter-

est to be paid when principal comes due, interest on interest.   January 1, 1877.

"George L. Beckwith.

| "Jan. | 1, | 1879, | paid | - | - | - | $208.75 |
| Jan. | 1, | 1881, | " | - | - | - | - 90.17 |
| Jan. | 1, | 1882, | " | - | - | - | 256.79 |
| Jan. | 1, | 1883, | " | - | - | - | - 221.74" |

By the terms of the deed of trust, Granville Berkley was made successor in trust.   It appears from the evidence that a payment of $300 was made January 1, 1877, which is not indorsed upon the note.   It likewise appears that the first payment, indorsed "Interest paid on within up to March 5, 1873," was $500; and it is conceded that the balance of $1,652 mentioned in the agreement, indorsed on the note under date of January 1, 1877, was obtained by compounding the interest quarterly.   On the 31st of January, 1883, the plaintiff tendered the sum of $1,550 to the defendant Beckwith to satisfy the note; which tender was refused on the ground that it was insufficient in amount, and a sale of the property named in the trust-deed was afterwards advertised by Berkley, as trustee.   It does not appear that such tender was kept good.   This action was brought to restrain the threatened sale, and for an accounting.   The complaint was filed and summons issued February 7, 1883.   In addition to the facts above stated, the plaintiff alleged that he had rendered certain services for the defendant Beckwith, and asked to be allowed the reasonable worth thereof, and that such allowance be deducted from the amount found due upon said note.   This claim for services was denied by the defendant Beckwith, and the court refused to allow the same at the hearing.   After the issues were made the case was referred to a referee to take the testimony and report the same to the court, with findings as to the facts.   The referee reported; and, exceptions having been taken by both parties to such report, the same

was set aside and a hearing had by the court upon the testimony as taken before the referee. A temporary injunction had been granted previous to the hearing, restraining a sale by the trustee, and this was made perpetual by the final decree. The court found that the amount due and unpaid upon the note was $1,658.91 at the date of its decree, being March 12, 1884. A final decree was then rendered for this amount in favor of the defendant Beckwith, to be paid by the plaintiff within ninety days from that date; and, in case of default in such payment, the property described in the trust-deed was to be advertised and sold by the sheriff of Boulder county to satisfy the decree. The costs were adjudged against the defendant Beckwith. The case comes here by writ of error, at the suit of the defendants. General Statutes of Colorado, section 1708, provides that "the parties to any bond, bill, promissory note or other instrument of writing may stipulate therein for the payment of a greater or higher rate of interest than ten per cent. per annum; and any such stipulation contained in any such instrument of writing may be enforced in any court of law or equity in the state."

Messrs. DOLLOFF and RITTENHOUSE, for plaintiffs in error.

Mr. B. L. CARR, for defendant in error.

DE FRANCE, C. Several errors are assigned upon the transcript of record, two of which only are relied upon in the argument for a reversal. These two are the only assignments we need notice; and they are, in substance, that the judgment or decree is too small in amount, and that the costs should have been awarded against the plaintiff. As to the matter of costs the court below committed no error. Costs are usually awarded the successful party. The main object of the suit was to restrain the threatened sale, and to have an account taken

of the amount due upon the note; and in this the plaintiff was successful. Was the judgment for too small an amount? We answer this in the negative. The court evidently allowed but simple interest, calculated according to the ordinary legal rule, in cases of partial payments, at a rate of two per cent. per month to January 1, 1877,— the contract rate, as evidenced by the note; and from that time to the date of the decree at the rate of fifteen per cent. per annum,— the rate mentioned in the indorsed agreement of January 1, 1877. Computed in this manner, the amount found due by the court is too large, to the extent of $5.38, as we calculate it. The contention by counsel for plaintiffs in error, if we correctly understand them, is that the amount named in the agreement indorsed on the note, under date of January 1, 1877, as the balance then due and unpaid upon said note, should have been taken by the court as the basis of calculation, and that interest should have been computed on that sum, as principal, from that date to the date of the decree, with allowances for intervening payments. It is insisted that this balance was arrived at by virtue of an accounting and settlement between the parties to the note, and, in pursuance of a previous understanding and agreement between them, that interest was to be paid quarterly, and compounded quarterly if not paid when due; that this agreement was, in legal effect, the same as a new promissory note; and that the case, therefore, comes within the rule announced in some authorities, that compound interest, voluntarily paid by virtue of a prior bargain therefor, cannot be recovered back. We cannot agree with counsel in this position. The legal rate of interest in this state is ten per cent. per annum; but the statute provides that a higher rate may be lawful, and enforced, if stipulated for in an instrument of writing calling for the payment of money. If not thus stipulated for in the writing itself, the recovery of a higher rate than the legal rate cannot be enforced. The

stipulation for interest at the rate of two per cent. per month in the promissory note in this case was lawful, and may therefore be enforced; but the note calls for simple interest only, and makes no provision for its payment before the time fixed for the payment of the principal. It cannot be said, therefore, that there was a prior bargain for compound interest. In addition to this, the plaintiff testifies that he made no agreement, aside from the note, to pay interest quarterly, or to pay compound interest, and we think the weight of the evidence upon these questions is on the side of the plaintiff. The defendant seemed to be in no great haste for the payment of the note. It had been allowed to run for more than three years after maturity without any express agreement for extension of time, and no steps had been taken to foreclose the trust-deed, or to otherwise enforce its payment. The proposition to extend the time of payment for a definite period, and to reduce the rate of interest, came from the defendant. The reduction in the rate of interest was no doubt one of the chief inducements to the plaintiff to sign the agreement of January 1, 1877. He denies in his testimony a knowledge of the fact, at the time of signing said agreement, that the balance of $1,652 named therein was arrived at by compounding the interest quarterly; and says that he relied upon the defendant's representation, made at the time, that such balance was the actual and correct balance. The difference between that and the actual balance, as we calculate it, was $483.25. This difference is against the plaintiff, and is composed wholly of compound interest, which he was under no legal, or even moral, obligation to pay. To enforce that agreement in this particular, then, would be to largely increase the rate of interest, instead of reducing it. There are exceptional cases, in which this is not to be classed, where courts allow interest upon interest. *Filmore v. Reithman*, 6 Colo. 120; *Manufacturing Co. v. McAllister*, id. 261;

3 Pars. Cont. 151–153, and cases cited. This is an equitable action, in which the respective rights of the parties are to be adjusted upon equitable principles. Considering the issues and the facts as presented, we are of the opinion that the court committed no error of which the plaintiffs in error may complain, in respect to the amount of its judgment against the plaintiff. The defendant in error has assigned certain cross-errors, which relate chiefly to the refusal of the court to allow the claim made by him for services rendered; but as no exception was preserved by him to the final decree, or to any order or ruling of the court at the hearing, we cannot consider such cross-errors. As an additional reason for not considering the same, it may be said that, at the time the writ of error herein was sued out, the code of procedure did not provide for the filing of cross-errors. The judgment should be affirmed.

STALLCUP and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*