## Nathaniel P. Richman v. South Omaha National Bank.

1. Interest—*Contracts Made in Other States.*—A legal contract for interest, made in another State, will be enforced in the courts of this State, notwithstanding the rate of interest in such contract exceeds the legal rate allowed by the laws of this State.

2. Pleading—*Office and Purpose of the Declaration.*—The whole purpose and office of a declaration is to advise a defendant in due form of law as to the character and amount of the plaintiff's claim.

3. Same—*Questions of Partnership and Joint Liability.*—To put in issue the question of a partnership as distinguished from a joint liability the defendant must plead in abatement.

4. Depositions—*Objections After the Cause is Called for Trial.*— Objections which might have been obviated by issuing a new commission and re-examining the witness can not be considered after the case is called for trial.

Assumpsit, for balance due on overdrafts. Trial in the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Verdict and judgment for plaintiff by direction of the court. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed June 21, 1898.

### Statement.

The firm of Palmer, Richman & Co., of which appellant was a member, was organized in 1887 for the purpose of conducting a live stock commission business at South Omaha, Nebraska. The firm consisted of Richman (the appellant), one Clinton R. Palmer, who died April 29, 1888, and one Joseph B. Blanchard, a resident of Omaha.

The firm opened an account with the South Omaha National Bank August 11, 1887, which account continued during the lifetime of the firm and during the period it was being wound up.

In April, 1889, the surviving partners agreed to dissolve the firm, and Blanchard was authorized to settle its affairs.

At the conclusion of these transactions the firm was indebted to the bank on account of overdrafts, in the sum of $366.74, as of July 5, 1890.

This action was brought for the purpose of recovering

this balance, with interest at the rate of ten per cent per annum. Richman was the only member of the firm served with process and the only one who defended the suit. He pleaded the general issue and a special plea denying that he was jointly liable with Palmer and Blanchard in respect to the causes of action sued on.

The bank is located at South Omaha, Nebraska, and Palmer resided in Chicago. There is no evidence that the bank ever had any notice of the death of Palmer or of any change in the *personnel* of the firm during the period that the account of the firm was kept with the bank.

After the death of said Palmer it was agreed between the appellee and the surviving partners, on behalf of the firm, that the balance due the appellee should draw interest at the rate of ten per cent per annum. That rate of interest is permitted by special contract, under the laws of the State of Nebraska, where the indebtedness was contracted and where it was payable, as averred in the declaration and established by the testimony.

At the close of the evidence the court directed the jury to find a verdict for the amount of plaintiff's claim, including interest at ten per cent.

LOUIS J. PIERSON, attorney for appellant.

DEFREES, BRACE & RITTER, attorneys for appellee.

MR. JUSTICE HORTON, after making the foregoing statement, delivered the opinion of the court.

There is no question but that the overdraft was made as claimed by appellee. It is, however, contended by appellant, that the amended declaration does not state a partnership liability. Appellee thereby " complains of Nathaniel P. Richman and Joseph B. Blanchard, surviving partners of Clinton R. Palmer, lately trading under the firm name of Palmer, Richman & Co., defendants in this suit, summoned, etc., of a plea of trespass on the case on promises." The declaration concludes as follows:

" Nevertheless, the said defendants, and the said Clinton R. Palmer, in the lifetime of the said Clinton R. Palmer, and the defendants, since the death of the said Clinton R. Palmer, not regarding the several promises so by them made as aforesaid, but contriving to deceive and defraud the said plaintiff, have not, nor has either of them, as yet, paid the several sums of money, or any or either of them, or any part thereof, to the said plaintiff, although often requested so to do, but to pay the same or any part thereof to the said plaintiff, the said defendants and the said Clinton R. Palmer, in the lifetime of the said Clinton R. Palmer, wholly refused, and the said defendants have ever since the death of the said Clinton R. Palmer, hitherto wholly refused and still do refuse so to do."

Indorsed upon said amended declaration is an affidavit, stating that the demand of appellant is for money due, "an itemized statement of which is hereto attached and made a part hereof."   That statement commences as follows :

" Palmer, Richman & Co., a co-partnership, composed of Clinton R. Palmer, Nathaniel P. Richman and Joseph B. Blanchard, engaged in the live stock commission business at South Omaha, Nebraska.

In account with The South Omaha National Bank."

The first item in said statement is " Balance to credit, Palmer, Richman & Co."   In several places in the statement it appears that transactions forming items thereof were for and by that firm.

It is clear that appellant was not misled or taken by surprise.   In one of the instructions asked by him, this condition is stated, viz.:

" If you believe from the evidence that the defendant, Nathaniel P. Richman, was not in partnership with the defendants, Joseph B. Blanchard and Clinton R. Palmer, as the plaintiff's declaration alleged."

There is no specific mention of this point either in the motion for a new trial in the court below, or in the assignment of errors in this court.

The whole purpose and office of a declaration is to advise

a defendant in due form of law, as to the character and amount of plaintiff's claim. This was done by this declaration. To have put in issue the question of a partnership, as distinguished from a joint liability, the defendant should have pleaded in abatement.

The evidence is conclusive that appellant is liable for the amount due appellee. The other party or parties, as to whom appellant claims there was no partnership liability, are not before the court denying such liability. Where a defense is purely technical and is not sustained by any equity, the technical defense must be clear and absolute.

The deposition of Harry C. Bostwick, cashier of appellee, was read upon the trial. In this deposition the witness was asked if there was any arrangement between the bank and Palmer, Richman & Co. with respect to overdrafts and the payment of interest thereon, and if so, what it was. He replied: "They were allowed overdrafts occasionally, and it was agreed that they should pay ten per cent interest per annum." No objection thereto was made at the time of taking the deposition. Appellant was not present at the time. This deposition was filed in court, June 13, 1894. The case was not tried until March 23, 1897. No objection was made to said deposition, or any part thereof, nor any motion made to strike out or suppress the same or any part thereof prior to the time of trial. At the trial appellant moved to strike out the answer above quoted as being incompetent, which motion was denied.

There was no error in denying this motion. The deposition had been on file nearly three years. "Objection which might be obviated by issuing a new commission and re-examining the witness can not be heard after the case is called for trial." Kassing v. Mortimer, 80 Ill. 603; B. S. Green Co. v. Smith, 52 Ill. App. 159; Town of Sheldon v. Burry, 39 Ill. App. 157.

If technical rules be strictly applied, perhaps this appeal should be dismissed. The record shows that after verdict "the defendants enter herein their motion for a new trial;" that judgment was entered against "the defendants, Na-

thaniel P. Richman and Joseph B. Blanchard, as Palmer, Richman & Co.;" and also that "the defendants having entered their exceptions herein prayed an appeal, * * * which is allowed upon said defendants filing herein their appeal bond," etc. The appeal bond is not signed by the defendant Blanchard, nor for him, or in his behalf, and he is not prosecuting this appeal.

At a succeeding term an order was entered by an agreement as to the spelling of the name of appellant, and it may possibly have been intended by that order to make the judgment stand as against appellant only, although that is doubtful. But there is no change in the order as to the appeal or the appeal bond. There is no motion to dismiss the appeal and we therefore prefer to affirm the judgment.

The judgment of the Superior Court is affirmed.