[No. 1850.]

ECCLES v. HERRICK ET AL.

1. BILLS AND NOTES—INTEREST—PENALTY.

An agreement in a promissory note to pay an additional interest on the principal of the note from its date, in case of default in the payment of the principal or any interest coupon when due, is not a penalty but is an agreement into which the parties have a right to enter and is binding.

2. BILLS AND NOTES—INTEREST.

Where the rate of interest permissible at the place of contract is greater than that permissible at the place where the note is payable the parties may contract for the payment of the rate at the place of contract and it will be binding.

*Appeal from the District Court of Arapahoe County.*

IN October, 1891, Collins and Kilham were the owners in fee of certain property in Arapahoe county. They gave a trust deed thereon to secure the sum of $17,500 which indebtedness was represented by a note of which the following is a copy:

" Know all men by these presents, that we, George W. Collins and Fred C. Kilham, of the county of Arapahoe and state of Colorado, for value received, promise to pay to Crippen, Lawrence & Co., or order, five years from the date hereof, at their office in the city of Concord, in the state of New Hampshire, the principal sum of seventeen thousand five hundred dollars with interest thereon at the rate of six per cent per annum from date, payable semi-annually on the nineteenth days of April and of October in each and every year, according to ten certain coupon notes of even date herewith and hereto attached, provided said coupon notes and this bond are paid when due, but if said coupon notes or this bond, or either or any of them, or any part thereof, are not paid when due, then this bond shall draw interest at twelve per cent per annum from date, payable semi-annually as aforesaid, the sum or sums paid

on the coupon notes to be applied and credited thereon as part payment thereof.   And it is expressly agreed that if default be made in the payment of any one of the coupon notes aforesaid, or any part thereof, at the time and place aforesaid, then and in that event said principal sum of seventeen thousand five hundred dollars with interest thereon at twelve per cent per annum from date hereof, payable semi-annually as aforesaid, shall, at the election of the holder thereof, without notice, at once become and be due, payable and recoverable, anything herein to the contrary notwithstanding.

"All valuation, appraisement, exemption and stay laws are hereby expressly waived.

"This bond of seventeen thousand five hundred dollars is given for an actual loan of money, and is and shall be negotiable, and is secured by a certain deed of trust from George C. Collins and Fred C. Kilham, to W. R. Herrick, trustee, to secure the said Crippen, Lawrence & Co., and their assigns, upon property situated in the county of Arapahoe and State of Colorado, which said trust deed is duly executed by us and recorded.

"Dated at Denver, Colorado, this nineteenth day of October, 1891.

> (Signed)   "GEORGE W. COLLINS.
> (Signed)   "FRED C. KILHAM."

The copy of the note is given to exhibit the exact concurrence in the terms of the note which is the substratum of this controversy and the one which was construed and interpreted by the decision of the supreme court on which our opinion will rest.   There was a default in the payment of the last two coupons and the trustee sold the property at the request of the holders of the security who bid it in at the sale for the sum of $20,000, which was credited on the note or bond.   Subsequently or intermediate to the execution of the trust deed and the foreclosure Collins and Kilham conveyed to the appellant Eccles who held title at the time of the foreclosure.   She afterwards brought this suit, alleging

that she had a claim to what she charged was the surplus of the purchase money, being the difference between the amount due on the note or bond and the sum bid, amounting to something like $1,300. She prayed an accounting and a decree for the difference, and the establishment of a lien for the sum which might be found due. The defendant simply denied the allegations of the bill, set up the history of the transaction, and alleged the sum due to be largely more than the amount bid, to wit, something like $24,000. The case came to trial and was heard substantially on the record evidence, all of which matters were admitted by the pleadings save on one point to which some testimony was directed. This concerned only the rate of interest which usually prevailed in Denver in 1891 on loans of this size on adequate security. There was testimony tending to show that large loans like this on good security could be obtained all the way from six to seven and a half per cent. There was some little testimony per contra, but it is unnecessary to state what the evidence was, as it will in no manner affect the decision.

Mr. WM. B. HARRISON, for appellant.

Mr. GEO. L. HODGES, for appellees.

BISSELL, P. J.

If the statement had simply been followed by the citation of one authority the opinion perhaps would have been quite as satisfactory as it will be when we extend it to a statement of our conclusions. The consideration of the case began and was ended with the examination of the case decided by the supreme court. *McKay's Estate v. The Belknap Savings Bank*, 27 Colo. 50. In a lucid and easily understood opinion the supreme court declared the law by which a note like that which is the gravamen of the present suit is to be construed and the rights of the parties measured. That court decided the questions, cited the authorities and stated the law. Since

this is a matter of general law and determines the principles by which such contracts are to be construed, the decision of that court is undoubtedly binding on us and on all others in this jurisdiction. I have therefore not taken the trouble to examine the question in any wise, for if by any possibility it should happen that my conclusions differed from the announcement found in that opinion, I would not be at liberty to formulate or express them. I do not intend to intimate there is any possibility of the sort, but give it as a reason why I decline to discuss the question. In that case an exactly similar note was under observation. The court decided directly that the additional interest provided for in case of default in the payment of the coupons was not a penalty, but an agreement into which the parties had an undoubted right to enter and by which when completed they were wholly bound. The court also decided that the rate of interest might be computed according to that which prevails at the place of contract, and that the parties are bound by the election which they make in the premises. Having provided a rate of interest permissible by the law of the place of contract, the parties are obligated as they have contracted. Since both these questions are resolved against the appellant by the terms of that decision, there is no question before us on which the case can be reversed or on which the judgment can be disturbed. Some other questions have been argued by counsel, but we do not regard them as of sufficient consequence to affect the decision so long as these important matters are decided against the appellant. So far as we can see it was wholly unimportant what the prevailing rate of interest may have been in Colorado in cases of this sort, nor do we think that that proof is of any significance for the purposes of interpreting the contract which the parties made. The contract is not one which requires any interpretation. It is distinct and specific in its terms and definitely provides that in case of default of payment the whole loan shall bear interest at twelve per cent from its date until foreclosure and that the amount of money which may have been paid in the ·

shape of interest or in the liquidation of coupons shall be credited on the principal sum plus the twelve per cent interest from the time of default to the time of liquidation.    It is a plain simple agreement which the supreme court says is enforcible, and this being true it deprives the plaintiff of any possibility of a cause of action.    This comes from the circumstance that the amount bid at the foreclosure, $20,000, was less than the sum which was due at that date, and therefore there was and is no difference between the amount due and the amount bid which the plaintiff has a right to recover

We discover no error in the record or merit in the appeal, and the judgment will accordingly be affirmed.

*Affirmed.*