. [No. 3804.]

## Baxter v. Beckwith.

1. LIMITATIONS—*When the Action Accrues—Demand Note.*   A promissory note bearing date "4-12-1901" was expressed to be payable " * * * after date." Interest was declared to be payable annually and to draw interest as principal.   No demand of payment was made until 1904, and interest was paid from 1902 to 1906.   *Held* manifest, in view of the terms of the paper and the conduct of the parties that it was not the intention that the note should become immediately due, and that the statute of limitations began its course upon the demand made in 1904.

2. NEW TRIAL—*Affidavits of Jurors*, assuming to set forth the means used in reaching the verdict and the intention of the jury, will not be considered upon appeal.

3. INTEREST—*Contract for—Law of Place.*   Parties may lawfully stipulate for the payment of interest, according to the law of the place of payment.   Interest may be recovered accordingly, although the contract be unlawful by the laws of the state where the contract was made.

4. —— *Interest Upon Interest*, may, by express contract, be recovered, where this is permitted by the law of the place of payment.

5. JUDICIAL NOTICE—*Decisions of Foreign Courts.*   Where the law of another state is in question, the decisions of the highest court of such state will be judicially noticed.

*Appeal from Denver District Court.*   HON. GEORGE W. ALLEN, Judge.

Mr. JAMES A. HARRIS, Mr. JOHN F. MAIL, and Mr. PAUL DeLANEY for appellant.

Mr. EWING ROBINSON and Messrs. SPENCER & LANDIS for appellee.

BELL, J.

This action was brought upon a promissory note, which was set forth at length in the pleadings and reads as follows:

"$1,300.00                          Red Oak, Iowa, 4-12-1901.

"............. after date, for value received, we promise to pay to the order of Mrs. E. H. Beckwith the sum of thirteen hundred dollars, with 7 per cent per annum interest from date. Interest payable annually, and to draw interest as principal. Payable at Red Oak National Bank, of Red Oak, Iowa. We further agree to pay a reasonable attorney's fee in case suit is brought on said note. Said fee to be taxed up as part of the cost of suit. And it is also agreed that a Justice of the Peace shall have jurisdiction hereon to an amount not exceeding three hundred dollars.

(Signed)    "S. L. BAXTER."

The appellant, defendant below, pleaded payment and the statute of limitations, and the appellee replied, denying the payment in whole or in part and alleging that, in the latter part of 1904, March, 1905, and in August, 1906, the appellant made unqualified promises to her to pay said note. A trial was had to a jury in the district court of the city and county of Denver, resulting in a verdict in favor of the appellee in the sum of $1,250.00, upon which judgment was duly entered.

The appellant urges that the note sued upon, being a demand note, became due immediately after delivery, and that, therefore, the statute of limitations operated from that date and became effective before the suit was brought.

We think it manifest, from the terms of the note and the evidence in support thereof, that it was not the in-

tention of the parties that the same should become immediately due. Provision was made in the note for annual interest and for interest upon interest, and the evidence shows that no demand was made for payment until during the year 1904. We think that, under the circumstances attending the making of the note, the form thereof, and the conduct of the parties regarding the payment thereof, it falls within the purview of such demand notes as are not intended by the parties to become due or actionable until after demand for payment; hence, the statute did not commence to run until demand was made in 1904.—*Montelius et al. v. Charles,* 76 Ill., 303; *Yates v. Goodwing,* 96 Me., 90, 51 Atl., 804; 7 Cyc., 847, 849, 976; *Williams v. Taylor,* 120 N. Y., 244, 24 N. E., 288; *Jameson v. Jameson,* 72 Mo., 640; *Leonard v. Olson,* 99 Iowa, 163, 68 N. W., 677, 35 L. R. A., 381, 61 Am. St. Rep., 230. See, also, 4 Am. & Eng. Encyc. of Law (2nd ed.), pp. 150, 151, b and bb; and 1 Daniel on Negotiable Instruments (4th ed.), pp. 585-589, secs. 606, 607, 608, 609 and 610.

However, the evidence of appellant is wholly inconsistent with his plea of the statute of limitations, as he testified and showed that he made payments on the note from November, 1902, to 1906, and the jury must have allowed considerable credits upon the note, since the verdict is so much less than the principal and interest due thereon. The evidence supported neither the defense of full payment nor the defense of the statute of limitations.

We find in the record affidavits of individual jurors as to the means used in reaching the verdict and the intention of the jury in the verdict so reached. It would be improper for us to attempt to test the correctness or incorrectness of this verdict, or the scope of it, by a resort to these affidavits.—*Wray v. Carpenter,* 16 Colo., 271, 27 Pac., 248, 25 Am. St., 265; *Johnson v. People,* 33 Colo., 224, 80 Pac., 133, 108 Am. St., 85.

The most serious question raised in the record in-

volves the enforcement of that part of the demand note contracting for compound interest. If the laws of Colorado were to govern, the instruction of the court, to which exception is taken, directing the compounding of interest, as provided in the note itself, might be reversible error. —*Filmore et al. v. Reithman*, 6 Colo., 120, and authorities cited; *Denver B. & M. Co. v. McAllister*, 6 Colo., 268; *Beckwith v. Beckwith*, 11 Colo., 568, 19 Pac., 510; *Hochmark v. Richler*, 16 Colo., 265, 26 Pac., 818; *Wigton v. Elliott*, 49 Colo., 119, 111 Pac., 713.

The parties may legally stipulate for the payment of interest according to the laws of the state where the instrument is made, or according to the laws of the place of payment, and the rate thus agreed upon may be recovered, although it may be illegal under the laws of the other state.—*Eccles v. Herrick*, 15 Colo. App., 350, 62 Pac., 1040; *McKay v. Belknap Sav. Bk.*, 27 Colo., 50, 59 Pac., 745.

Ordinarily the validity of a contract is to be determined by the law of the place where made, and the note before us having been made and specifically made payable in Iowa, its validity and the validity of its provision for interest is to be determined by the law of that state.— *Cockburn v. Kinsley*, 135 Pac., 1112; *Wolf v. Burke*, 18 Colo., 264-268, 32 Pac., 427, 19 L. R. A., 792; *Richman v. S. Omaha Nat. Bk.*, 76 Ill. App., 637; *Bigelow v. Burnham*, 90 Iowa, 300, 57 N. W., 865, 48 Am. St. Rep., 442; *Stickney v. Jordan*, 58 Me., 106, 4 Am. Rep., 251; *Pine v. Smith*, 11 Gray (Mass.), 38; *Long v. Long*, 141 Mo., 352, 44 S. W., 341; *Coad v. Home Cattle Co.*, 32 Neb., 761, 49 N. W., 757, 29 Am. St. Rep., 465; *Curtis v. Leavitt*, 15 N. Y., 9, 230, 296; 22 Cyc., 1476, and other cases there cited.

The decisions of the highest courts of the state of Iowa recognize the rights of the parties to contract there-

in for interest upon interest.—*Mann v. Cross,* 9 Iowa, 327; *Preston v. Walker,* 26 Iowa, 205, 96 Am. Dec., 140; *Burrows v. Stryker,* 47 Iowa, 477; *White v. Savery,* 50 Iowa, 515; *Ragan v. Day,* 46 Iowa, 239; *Carter v. Carter,* 76 Iowa, 474, 41 N. W., 168; *Fockler v. Beach,* 32 Iowa, 187. And in the case of *Sullivan v. German Nat. Bk.,* 18 Colo. App., 99-104, 70 Pac., 162, 164, it is held that "the courts of a state in cases where the laws of another state are involved, may and should take notice of the decisions of the highest courts in the latter jurisdiction on the law so involved."

The instrument sued upon being made, and specifically made payable, in the state of Iowa, and being valid there under the decisions of the highest courts of that state, should be held enforceable in this state.

We feel that substantial justice has been done, and find no reversible error in the record, and, therefore, the judgment is hereby affirmed.

Decided December 8, A. D. 1913. Rehearing denied January 12, A. D. 1914.