Bell, J. .
This action was brought upon a promissory note, which was set forth at length in the pleadings and reads as follows:
“$1,300.00 ' Red Oak, Iowa, 4-12-1901.
“.............. after date, for value received, we promise to pay to the order of Mrs. E. H. Beckwith the sum of thirteen hundred dollars, with 7 per cent per annum interest from date. Interest payable annually, and to draw interest as principal. Payable at Red Oak National Bank, of Red Oak, Iowa. We further agree to pay a reasonable attorney’s fee in ease suit is brought on said note. Said fee to be taxed up as part of the cost of suit. And it is also agreed that a Justice of the Peace shall have jurisdiction hereon to an amount not exceeding three hundred dollars.
(Signed) “S. L. Baxter.”
The appellant, defendant below, pleaded payment and the statute of limitations, and the appellee replied, denying the payment in whole or in part and alleging that, in the latter part of 1904, March, 1905, and in August, 1906, the appellant made unqualified promises to her to pay said note. A trial was had to a jury in the district court of the city and county of Denver, resulting in a verdict in favor of the appellee in the sum of $1,250.00, upon which judgment was duly entered.
The appellant urges that the note sued upon, being a demand note, became due immediately after delivery, and that, therefore, the statute of limitations operated from that date'and became effective before the suit was brought.
We think it manifest, from the terms of the note and the evidence in support thereof, that it was not the in *324 tention of the parties that the same should become imm'ediately due. Provision was made in the note for annual interest and for interest upon interest, and the evidence shows that no demand was made for payment until during the year 1904. We think that, under the circumstances attending the making of the note, the form thereof, and the conduct of the parties regarding the payment thereof, it falls within the purview of such demand notes as are not intended by the parties to become due or actionable until after demand for payment; hence, the statute did not commence to run until demand was made in 1904.- — Montelius et al. v. Charles, 76 Ill., 303; Yates v. Goodwing, 96 Me., 90, 51 Atl., 804; 7 Cyc., 847, 849, 976; Williams v. Taylor, 120 N. Y., 244, 24 N. E., 288; Jameson v. Jameson, 72 Mo., 640; Leonard v. Olson, 99 Iowa, 163, 68 N. W., 677, 35 L. R. A., 381, 61 Am. St. Rep., 230. See, also, 4 Am. & Eng. Encyc. of Law (2nd ed.), pp. 150, 151, b and bb; and 1 Daniel on Negotiable Instruments (4th ed.), pp. 585-589, secs. 606, 607, 608, 609 and 610.
However, the evidence of appellant is wholly inconsistent with his plea of the statute of limitations, as he testified and showéd that he made payments on the note from November, 1902, to 1906, and the jury must have allowed considerable credits upon the note, since the verdict is so much less than the principal and interest due thereon. The evidence supported neither the defense of full payment nor the defense of the statute of limitations.
We find in the record‘affidavits of individual jurors as to the means used in reaching the verdict and the intention of the jury in the verdict so reached. It would be improper for us to attempt to test the correctness or incorrectness of this verdict, or the scope of it, by a resort to these affidavits. — Wray v. Carpenter, 16 Colo., 271, 27 Pac., 248, 25 Am. St., 265; Johnson v. People, 33 Colo., 224,. 80 Pac., 133, 108 Am. St., 85.
The most serious question raised in the record in *325 volves the enforcement of that part of the demand note contracting for compound interest. If the laws of. Colorado were to govern, the instruction of the court, to which exception is taken, directing the compounding of interest, as provided in the note itself, might he reversible error. —Filmore et al. v. Reithman, 6 Colo., 120, and authorities cited; Denver B. & M. Co. v., McAllister, 6 Colo., 268; Beckwith v. Beckwith, 11 Colo., 568, 19 Pac., 510; Hochmark v. Richler, 16 Colo., 265, 26 Pac., 818; Wigton Elliott, 49 Colo., 119, 111 Pac., 713. .
The parties may legally stipulate for the payment of interest according to the laws of the state where the instrument is made, or according to the laws of the place of payment, and the rate thus agreed upon may be recovered, although it may be illegal under the laws of the other state. — Eccles v. Herrick, 15 Colo. App., 350, 62 Pac., 1040; McKay v. Belknap Sav. Bk., 27 Colo., 50, 59 Pac., 745.
Ordinarily the validity of a contract is to be determined by the law of the place where made, and the note before us having been made and specifically made payable in Iowa, its validity and the validity of its provision for interest is to be determined by the law of that state.— Cockburn v. Kinsley, 135 Pac., 1112; Wolf v. Burke, 18 Colo., 264-268, 32 Pac., 427, 19 L. R. A., 792; Richman v. S. Omaha Nat. Bk., 76 Ill. App., 637; Bigelow v. Burnham, 90 Iowa, 300, 57 N. W., 865, 48 Am. St. Rep., 442; Stickney v. Jordan, 58 Me., 106, 4 Am. Rep., 251; Pine v. Smith, 11 Cray (Mass.), 38; Long v. Long, 141 Mo., 352, 44 S. W., 341; Coad v. Home Cattle Co., 32 Neb., 761, 49 N. W., 757, 29 Am. St. Rep., 465; Curtis v. Leavitt, 15 N. Y., 9, 230, 296; 22 Cyc., 1476, and other cases there cited.
The decisions of the highest courts of the state of ■ Iowa recognize the rights of the parties to contract there *326 in for interest upon interest. — Mann v. Cross, 9 Iowa, 327; Preston v. Walker, 26 Iowa, 205, 96 Am. Dec., 140; Burrows v. Stryker, 47 Iowa, 477; White v. Savery, 50 Iowa, 515; Ragan v. Day, 46 Iowa, 239; Carter v. Carter, 76 Iowa, 474, 41 N. W., 168; Fockler v. Beach, 32 Iowa, 187. And in the- case of Sullivan v. German Nat. Bk., 18 Colo. App., 99-104, 70 Pac., 162, 164, it is field tfiat “tfie courts of a state in cases wfiere tfie laws of another state are involved, may and should take notice of tfie decisions of tfie highest courts in tfie latter jurisdiction on tfie law so involved.”
Decided December 8, A. D. 1913.
Rehearing denied January 12, A. D. 1914.
Tfie instrument sued upon being made, and specifically made payable, in tfie state of Iowa, and being valid there under tfie decisions of tfie highest courts of tfiat state, should be field enforceable in this state.
We feel tfiat substantial justice has been done, and find no reversible error in tfie record, and, therefore, tfie judgment is hereby affirmed.