## HENRY WILCOX *versus* BRADFORD HOWLAND.

A promissory note, given for the payment of interest upon interest which had previously become due, is valid.

A threat by a judgment creditor to levy his execution on the property of the debtor, will not render a promissory note given thereupon by the debtor, void, as being made under duress, such note being in other respects valid.

ASSUMPSIT on a promissory note, dated December 19th, 1836, for the sum of $ 101, payable on demand with interest.

At the trial, before *Morton* J., it appeared, that, in November 1836, the plaintiff recovered judgment against the defendant and D. Howland, as principals, and Peleg Slocum, as surety, upon certain promissory notes ; that an execution issued upon the judgment, was delivered to an officer for service, but was not served, the judgment being satisfied by new notes given to the plaintiff, payable in nine and fifteen months from the 19th of December, 1836.

The defendant proved, that the plaintiff had given directions to the officer holding the execution, to levy it forthwith on the real estate of Slocum, and attempted to prove, that the note in suit was given to prevent the levy and to induce the plaintiff to receive new notes in satisfaction of the judgment, and, therefore, was without sufficient consideration.

The plaintiff attempted to show, that after the rendition of the judgment, the defendant applied to him to receive new notes in satisfaction thereof ; that the plaintiff required as the condition of such further credit, that the defendant should pay to him the difference between the simple and compound interest on the original notes ; and that the consideration of the note in suit was that difference or a part of it.

The jury were instructed, that if the note in suit was given merely as a bonus to induce the plaintiff to forbear from levying on Slocum's real estate and to accept of new notes in satisfaction of the judgment, such consideration would be illegal and the note void ; but that if the consideration was the difference between the simple and compound interest on the original notes, the plaintiff was entitled to recover, although the jury should be of opinion, that he agreed to take the new notes in satisfaction of the judgment, upon condition that the defendant would sign this note, and had threatened to levy the execution upon the estate of the surety, if it were not signed, and that the defendant signed it, to prevent such levy.

If this instruction was correct, judgment was to be rendered on the verdict.

*Oct. 22d.*

*Warren*, *A. Bassett* and *Eliot*, for the defendant, to the point, that the note in suit, being given for the difference between simple and compound interest, was not founded on a sufficient consideration, cited *Childers* v. *Deane*, 4 Randolph, 406 ; *Dawes* v. *Pinner*, 2 Campb. 486, note ; *Lansing* v *M'Killup*, 1 Cowen, 35, and note ; *Cook* v. *Bradley*, 7 Connect. R. 57 ; 21 American Jurist, 276, 280.

*Beal* and *Ezra Bassett*, for the plaintiff, cited *Hastings* v *Wiswall*, 8 Mass. R. 455 ; *Greenleaf* v. *Kellogg*, 2 Mass. R. 568 ; *Otis* v. *Lindsey*, 1 Fairfield, 315 ; *Dean* v. *Williams*, 17 Mass. R. 417 ; *Fay* v. *Bradley*, 1 Pick. 194.

*Oct 25th.*

SHAW C. J. delivered the opinion of the Court.    The only question in the present case is, whether the note on which this suit was brought, was without consideration.    The case shows that the note was given by the defendant, for the difference between simple and compound interest, on certain prior notes, on which the plaintiff had taken judgment.

It has often been held, that a contract to pay a sum of money with interest annually or semi-annually, is not usurious.    *Hamilton* v. *Le Grange*, 2 H. Bl. 144.    And though compound interest cannot be recovered, in pursuance of an antecedent contract, yet accounts settled upon that basis are good, and a promise to pay the balance is binding. *Ex parte Bevan*, 9 Ves. 223 ; *Eaton* v. *Bell*, 5 Barn. & Ald. 34.    Here it has been held, that if a party holding a note payable at a future time,

with interest annually, lets the time run by, without demanding his interest, he cannot afterwards, in an action on the note, recover compound interest. *Hastings* v. *Wiswall*, 8 Mass. R. 455 ; *Doe* v. *Warren*, 7 Greenleaf, 48. Yet, he may sue for each instalment of interest as it becomes due. *Greenleaf* v. *Kellogg*, 2 Mass. R. 568. And where payments have been made, they shall first be applied to the interest, which in effect gives compound interest. *Dean* v. *Williams*, 17 Mass. R. 417. And the same rule has been applied in determining the amount equitably due, when payments have been made upon successive executions, under a judgment. In *Barrell* v. *Joy*, 16 Mass. R. 227, though the Court, following the rule of law, refused to allow the trustee compound interest on his own debt, notwithstanding, as the Court say, many good reasons had been stated for allowing it, yet where he had advanced his own money, to protect the trust property from forfeiture and loss, he was allowed compound interest.

The result of the doctrines upon this subject seems to be, that a contract to pay compound interest, is not usurious or void ; that an agreement to pay interest annually or semi-annually, is valid and may be enforced by action ; that a claim for interest on such interest is an equitable claim, but that on an action brought, interest will not be allowed on interest from the time it fell due, because it would savor of usury, and because the holder of the note, by forbearing to call for his interest when it became due, shall be deemed to have waived his right to have the interest converted into capital. But if a party will deliberately give a new note on that consideration, we cannot say that it is illegal or made without consideration. It is very analagous to those cases, where there is a good demand, but where the law, upon considerations of policy, will raise no implied promise to pay it. We can perceive no difference in principle, between the case of such a note' and that where the parties have settled an account upon the principle of making annual or semi-annual rests, and thus computing interest on interest, and an express promise to pay the balance. That an action will lie to recover such balance, including the compound interest, the above cited case of *Eaton* v. *Bell*, 5 Barn. & Ald. 34, is an authority directly in point.

Wilcox
*v.*
Howland.

Upon the other point, the Court are of opinion, that a threat of a judgment creditor, to obtain satisfaction by a levy on the property of the judgment debtor, being to exercise his legal right only, cannot be considered such duress as to render void a contract, otherwise valid.

*Judgment on the verdict, for the plaintiff.*