WILLIAM B. GUERNSEY et al., Respondents, *v.* BENJAMIN F.
REXFORD, Administrator, etc., Appellant.

An agreement to pay interest upon interest at the time due and unpaid, is
valid and binding.
Where a debtor, upon whose obligation installments of interest which had
from time to time become due remain unpaid, enters into an agreement

63   631
115  537

to pay the said obligation with compound interest, the promise is met by the payment of simple interest upon the principal unpaid at the date of the agreement, and simple interest, also, upon the total arrears of interest at that time due and unpaid; it does not authorize the compounding of interest annually for the whole period during which interest has become due by the terms of the obligation.

The mere rendering of an account does not make it an account stated, and an omission to object to it raises only a presumption of assent, which may be rebutted by circumstances tending to a contrary inference.

(Argued November 30, 1875; decided December 7, 1875.)

THIS was an action for partition. A reference was ordered to take an account of the amount of certain mortgages held by the appellant, which were liens upon the premises. One of the mortgages was executed in 1835, for $1,420, the other in 1848, for $900. Payments were made upon them, from time to time, but in no case sufficient to pay the interest. In 1858 the mortgagor executed an instrument acknowledging that the mortgage of 1835, with accompanying bond, were still continuing instruments and unpaid, and agreeing to pay the balance. In 1864 he executed another instrument promising to pay the bond and mortgage to appellant, " with compound interest," deducting payments. Subsequent payments were made, appellant giving receipts. The first was given in 1867, for $200, " to apply, first as compound interest, next as interest, and next on principal of the two bonds and mortgages." The other receipts were similar. In 1871 a computation of interest was made by appellant and delivered to the mortgagor, compounding interest from the date of the obligations. The referee allowed compound interest from the date of the instrument executed in 1858. This report was confirmed and both parties appealed. The General Term affirmed the order. Defendant Rexford appealed to this court, the other parties did not appeal. *Held*, that the agreement to pay compound interest, so far as it stipulated to pay interest from its date on the amount of interest then due and unpaid, was valid (*Stewart* v. *Petree*, 55 N. Y., 621); that the agreement was not to pay interest compounded annually, for the whole period during which interest had, from time to time, become due and payable, but would be

fully met by payment of simple interest upon the principal unpaid at the date of the agreement, and simple interest upon all the interest at that time in arrear and unpaid, and as the appellant had obtained a more favorable report, he could not complain; also, that the rendering of the account was not conclusive and did not make it an account stated (*Toland* v. *Sprague*, 12 Pet., 330); an omission to object only raising a presumption which might be rebutted by proof of any circumstances tending to a contrary conclusion (*Lockwood* v. *Thorne*, 11 N. Y., 170; S. C., 18 id., 285); that the receipts given, showed the parties had not in mind a computation of compound interest from the dates of the obligations, as if, thus compounded, the compound interest would have amounted to many times more than the payments, leaving nothing to apply on simple interest as the parties must have known.

*R. A. Stanton* for the appellant.

*George W. Ray* for the respondents.

FOLGER, J., reads for affirmance.
All concur.
MILLER, J., not sitting.
Order affirmed.