## HECKMAN *v.* MANNING.

1. A release must rest upon a consideration; a seal imports a consideration, but where the consideration is shown by the instrument itself, the instrument is valid without a seal.

2. The release of one of two or more joint, or joint and several obligors or promisors, operates to release the others. The rule is elementary.

*Appeal from County Court of Arapahoe County.*

THE case is stated in the opinion.

Messrs. STALLCUP & LUTHE, for appellants.

Messrs. SYMES & DECKER, for appellee.

STONE, J. Manning, Harris and Heckman were makers of a joint and several note to one Borner, payee. The note was for the purchase-price of a tract of land of which the three parties took an undivided one-third each, through conveyances to them. Manning claimed to have paid the note in full before maturity. He then transferred it to one Crook, who brought suit thereon against all the makers of

the note. Before judgment in this action the plaintiff settled with Harris, one of the defendants, upon the payment by the latter of $211 in money and deeding back his one-third interest in the land. A receipt for the payment in full of his share of the note was given Harris, and a stipulation of release therefrom was filed in the cause, and the suit was thereupon dismissed as to Harris. Upon motion on their behalf, the court then ordered the same dismissed as to the other defendants, Heckman and Manning. The present suit was afterward brought by Manning against Heckman, to recover one-third the amount of the same note as for contribution.

To this action there were several defenses pleaded, one of which was that in the former suit upon this note, in which the said Crook was plaintiff, and all the makers of the note defendants, the said plaintiff, and then owner of the note, had settled with Harris, one of the joint makers of the note, and released him from all liability thereon, and that by virtue of said release, and by judgment of the court, the defendant Heckman was also released and fully discharged therefrom. As this last-mentioned ground of defense seems decisive of the case, we need not notice the others. The finding of the court below upon this point was that the release of Harris from the note was not a technical release, and that "a release to be effectual must be under seal."

This is certainly not the law. A release, equally with an obligation, must rest upon a consideration. A seal imports the consideration, and hence it need not be otherwise shown. But where the consideration is shown by the instrument itself, there is then no reason for requiring a seal, and the instrument is as valid without it. Where the consideration is neither expressed or implied, it must be proved, and may be proved by parol evidence. *Benjamin* v. *McConnell*, 4 Gilm. 545 ; *Ryan* v. *Dunlap*, 17 Ill. 43 ; *Lucas* v. *Harris*, 20 id. 169; *White* v. *Walker*, 31 id. 434 ; *Ill. Cent. R. R. Co.* v. *Read*, 37 id. 511 ; *Burch* v. *Hubbard*, 48 id. 164 ;

*Turner* v. *Hitchcock*, 20 Iowa, 318; *Devlin* v. *Riggsbee*, 4 Ind. 464; 2 Daniels' Neg. Inst., § 1290.

The doctrine that a release of one of two or more joint, or joint and several obligors or promisors operates to release the others, is a common-law rule which has been so long and well settled in its application by the courts of this country, as to be elementary. 2 Daniels' Negotiable Instr., § 1294; *Tuckerman* v. *Newhall*, 17 Mass. 581; *Benjamin* v. *McConnell, supra.*

Was the release in this case sufficient? The stipulation of release in question is as follows:

| Allen Crook<br>agst.<br>George Manning, O. N. Heck-<br>man, David D. Harris. | *Of the April term, A. D.* 1877, *of the county court of Arapahoe County, Colorado. In assumpsit.* |
| --- | --- |

It is hereby stipulated between the plaintiff and David D. Harris, one of the defendants in said cause, that the said Harris, having fully settled with plaintiff for all liability on his part as to the cause of action sued on in this cause, and he being discharged therefrom, the said suit shall be dismissed as to said Harris without costs as to said Harris.          (Signed)          DAVID D. HARRIS,

SYMES & DECKER,

*Plaintiff's Attorneys.*

This stipulation made in a suit on the identical note which is sued on in the present case and including the defendant in the present case, could scarcely be made stronger as a release. It is entitled in the cause; it declares that Harris, one of the joint and several makers of the note, has fully settled with the owner of the note for all liability on his part; "that he is discharged therefrom, and the suit as to him dismissed; and this stipulation was thereupon made the foundation of the judgment of the court, dismissing the suit as to both the other makers of the note. A consideration is clearly expressed in the instrument, and besides, the testimony in this case fully shows the nature of the considera-

tion, to-wit : that the released party, Harris, paid $211 in money and deeded back his entire interest in the land, for the purchase of which he had joined in the note. There is in the release no reservation of a right to further proceed against the other promisors in the note. And it has been held, upon the authority of the English doctrine (§ 5, Bacon's Abr. 702 *g.*), that even such a reservation cannot avail against the co-obligors. *Rice* v. *Webster*, 18 Ill. 332 ; *Benjamin* v. *McConnell, supra.* This rule, that the discharge will not be affected by such reservation, is modified in the case of *Parmerlee* v. *Lawrence*, 44 Ill. 405, to the extent only that where the release of one of several obligors *shows upon its face*, and in connection with surrounding circumstances, that it was not the intention to release the co-obligors, the instrument should be construed merely as a covenant not to sue. Here there is no such express or manifest intent. The release was a full and complete discharge of Harris, and by operation of law, effected as complete a release of his co-obligors, the appellant and appellee in the case before us. This release was a valid defense for appellant as defendant in the court below, and judgment should have been rendered in his favor.

The judgment of the court below is

*Reversed.*