HOCHMARK V. RICHLER.

1. INTEREST — STIPULATING FOR HIGHER RATE.— Parties may by contract stipulate for the payment of a higher rate of interest than that specified by statute to govern in the absence of contract.

2. COMPOUND INTEREST RECOGNIZED BY CONTRACT.— Where, in the execution of a note, interest is computed on the sum loaned from date of note to its maturity and added thereto, the principal thus formed to draw interest at a rate specified after the maturity of the note, the transaction recognizes compound interest.

3. VALIDITY OF STIPULATION TO PAY COMPOUND INTEREST.— But compound interest contracted for in advance is, in general, not recoverable.

4. SAME — MADE AFTER INTEREST HAS ACCRUED.— The above rule might, however, not be applied where the promise to pay compound interest is made after instead of before the interest to be compounded has accrued.

5. SAME — EFFECT UPON ENTIRE TRANSACTION.— A provision in the contract for the payment of compound interest does not render the entire contract usurious and void.   Courts simply decline to enforce payment of the interest upon interest.

6. PROMISSORY NOTES — RELEASE OF CO-MAKER.— The common-law rule that the release of one of the makers of a promissory note without the consent of his co-maker operates as a release of such co-maker is applicable to several as well as to joint notes.

7. EVIDENCE — DEFECTIVE TRANSCRIPT AND NO EXCEPTION TO JUDG-
   MENT.— The supreme court will not examine the evidence to deter-
   mine its weight where the record does not purport to contain all of
   it, or where no exception was saved to the judgment.

8. ALTERATION OF PROMISSORY NOTE.— The rule that alterations of a
   promissory note by attaching additional signatures thereto operate
   to invalidate the instrument, applies only to non-consenting co-
   makers. A maker who attaches his signature subsequent to the
   signing by all his co-makers, and who receives part of the considera-
   tion obtained, cannot invoke this rule.

## Appeal from Lake County Court.

THIS action was begun before a justice of the peace upon
a promissory note in favor of appellee, signed by appellant
and two other parties. The note was for $177, and pro-
vided for the payment of interest after maturity at the rate
of three per cent. per month. Judgment being rendered in
favor of plaintiff, an appeal was taken to the county court.
There the cause was retried, and a recovery by the plaint-
iff again sustained. The remaining facts sufficiently appear
in the opinion.

Mr. GEO. GOLDTHWAITE, for appellant.

Mr. ALVIN MARSH, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

The note sued on in this action is not illegal upon its
face. Interest at the rate of three per cent. per month after
maturity is provided for, but by statute in this state parties
may contract for a larger rate of interest than that speci-
fied to govern in the absence of contract. Gen. St., § 1708;
*Buckingham v. Orr*, 6 Colo. 587, and cases cited.

While, however, the contract was, upon its face, unob-
jectionable, it clearly appears by the evidence that the
amount specified ($177) consisted of two items, viz., $150,
the actual loan, and $27, interest,— the interest on this loan
at three per cent. per month from the date of the note to
its maturity; and, though no further interest was payable

until the debt became due, yet after that date interest was to be paid upon the $27 interest, which had been made part of the principal. The contract did, therefore, in effect, provide for compound interest (2 Pars. Cont. (6th ed.) *150 *et seq.*); and to this extent it was illegal, for with us compound interest is, in general, not recoverable. *D. B. & M. Co. v. McAllister*, 6 Colo. 261; *Fillmore v. Reithman*, id. 121; *Beckwith v. Beckwith*, 11 Colo. 568. There was in the present case no such gross delinquency or intentional misconduct on the part of appellant as justified an application of the exception to the foregoing rule mentioned in *Fillmore v. Reithman*, *supra*, and in Sedg. Dam. (6th ed.) 475. A disposition undoubtedly appears in some of the modern decisions and text-books to reject the doctrine that compound interest contracted for *in advance* is *per se* unlawful. 3 Pars. Cont. *153. But, the question being *stare decisis* in this state, and there being much to commend the doctrine, it will not now be disturbed. We do not intimate that the arrangement would have been illegal had the promise of appellant to pay compound interest been made *after* instead of *before* the interest to be compounded had accrued. Sedg. Dam. 473, 474; 3 Pars. Cont. *151, 152.

The fact that compound interest was thus provided for did not, however, as counsel contends, render the entire contract usurious and void. Courts, upon grounds of public policy, simply decline to enforce payment of the interest upon interest. 3 Pars. Cont. *152.

An indorsement appeared on the back of the note, showing a payment by Gaw, one of the makers, of $150, and a release from further liability on his part. Appellant insists that this release, without his knowledge and consent, of one of his co-makers, operates as a release of himself and his remaining co-maker. The instrument in suit is both joint and several; but the common-law rule invoked has been held applicable in this state to joint and several as well as to joint promissory notes. *Heckman v. Manning*, 4 Colo. 543; *Nicholson v. Revill*, 4 Adol. & E. 675; *Benjamin v.*

*McConnel*, 4 Gilman, 536; *Bank v. Doolittle*, 14 Pick. 123; *Rowley v. Stoddard*, 7 Johns. 207; *Tuckerman v. Newhall*, 17 Mass. 580.

It is shown by the proofs that the indorsement of the $150 credit was made by Gaw himself over appellee's signature while the note was held by one of appellee's creditors as collateral security, appellee not being present or consenting at the time. Gaw testifies that appellee previously promised, upon payment of the sum mentioned, not to trouble him further in connection with the note, and there is other testimony tending to corroborate him in this regard; but appellee crossed out the release before bringing suit. The record is exceedingly meager, and does not purport to contain all the evidence. Whether Gaw was actually released from further liability is a question of fact, and without all the evidence before us we cannot consider the court's finding thereon.

For the above reason, and for the additional reason that no exception was saved to the judgment, we are unable to say whether or not the proofs sustain the remaining conclusions of fact that must have been reached by the county court in rendering judgment. But were the statement of counsel for appellant as to what the evidence showed accepted, his legal deduction predicated thereon would not follow. He says that Gaw signed the note solely as an accommodation maker for his co-obligor, Gutt, and did not know that appellant was either to sign it or to receive part of the loan. This subsequent signing of the note by appellant as a co-maker constituted such an alteration, it is argued, as rendered it void as to all the defendants, including appellant.

We must decline to recognize the applicability of the common-law principle relied on; for, in the first place, appellant had been active in obtaining the signatures of his co-makers, and signed his own name immediately after Gaw had attached his signature. He received all and retained part of the money borrowed, and it was not paid

to him till after he signed. There is, therefore, strong ground for the position that the note did not become a perfect contract till after appellant's signature was appended. But, secondly, such alterations at most operate only to invalidate the instrument as to non-consenting parties, and no such party is here complaining. Byles, Bills (6th ed.), 482, and note 2; *Wallace v. Jewell*, 21 Ohio St. 163; *Bower v. Briggs*, 20 Ind. 139. They do not release from liability the additional co-maker, who has himself been in no way deceived or injured; *a fortiori* must this be true where, as in the present case, such co-maker enjoys part of the consideration.

The remaining objections presented by counsel for appellant have been considered, but we do not deem them of sufficient importance to warrant discussion at length. The alleged mutilation of the note is explained. The asserted payment of $45 by appellant upon this particular note is contradicted. The trial court accepted the explanation, and resolved the conflicts in testimony favorably to appellee. We cannot discredit his conclusions in these particulars.

The court, as we have seen, erred in allowing interest upon the $27 interest; but we do not deem it necessary on this account to order a new trial. The judgment will be reversed, and the cause remanded with directions that judgment be re-entered *nunc pro tunc* as of February 13, A. D. 1888, omitting the compound interest in question.

*Reversed.*