Reed, J.,
delivered the opinion of the court.
The appellee from and after the year 1880 was the owner in fee of two lots in the city of Denver. The lots were unimproved. After he became the owner, parties without his knowledge or consent erected a building partly on the public alley and partly upon appellee’s property, also erected sheds and put in platform scales. Such improvements, in connection with a part of appellee’s lot, were used for coal, wood and hay business, and yard. About the year 1885 appellant claimed to be the owner of the improvements, and under such claim leased the premises to several parties successively, collected the rents and applied them to his own use.
In October, 1889, this action was brought against appellant and one Christ Thede — the latter being the tenant of the former and in the possession — to obtain the possession and recover the rents and profits paid to and kept by appellant. After the filing of the suit and before the issues were made up Thede and appellee adjusted their matters, Thede attorning to appellee, taking a lease from him, and appellee releasing him from all claims. This fact was set up in the answer of appellant. The case was tried to a jury, resulting in a *90 verdict and judgment against appellant for $500, and in favor of defendant Thede.
A large number (28) supposed errors occurring upon the trial are assigned.
It is seriously contended that the release of Thede operated to release appellant and that the suit abated. This contention cannot prevail. Sec. 266, chap. 28, Civil Code of 1887, is as follows: “If the premises for which the action is brought are continually occupied, such actual occupant shall be made defendant in the action together with any person claiming title to or any interest in the premises adversely to the plaintiff.”
By sec. 268 it is provided that in the complaint plaintiff shall state “ the damages claimed for the ouster or detention, or both, which damages shall be recovered and assessed by the court or jury in the same action.”
Sec. 269: “ The verdict may be for or against either of the plaintiffs or defendants.”
At the inception of the suit Thede was in the actual occupation, holding adversely to appellee, attorning to appellant as landlord. Appellant was assuming and exercising control over the property as owner, leasing it and receiving the rents. Under the code both were required to be joined. Before the trial Thede recognized the title of appellee, took a lease from him and remained his tenant; hence it became unnecessary to further prosecute a suit against him for the purpose of getting the possession, nor was it claimed that he was liable for mesne profits. As tenant he had paid rent to appellant and was very properly exonerated; no cause of action against him remained. At common law the action for mesne profits followed the determination of the action for possession; was a subsequent and distinct action. Under the code the whole thing is required to be adjudicated in the same suit. As in this case, the party having the actual possession at the time of bringing the suit may not be liable for profits. This condition is evidently contemplated by the statute. The actual occupant can be prosecuted to gain the possession, while the *91 party assuming ownership can be prosecuted for the rents and profits.
Upon the trial of the cause, appellant was the only defendant. The code, as above stated, provides that where there are more than one, the verdict may be against one, and in the last clause of the section it is provided: “The verdict shall also, if for the plaintiff, find the amount of the damages he is entitled to for the ouster or detention, or both.” The withdrawal of Thede was in legal effect a disclaimer. Appellant remained as the party asserting title and was the party who for years had collected and retained the rent, and when appellee’s right to possession was found, appellant was very properly, held liable for the rents he had received. There was no error in prosecuting to judgment the suit against appellant. The withdrawal of Thede could not abate the suit as to appellant. The authorities relied upon and cited by the appellant were undoubtedly controlling, as the law existed at the time of the decisions and in the states where made. The action and adjudication in this state are purely statutory. The Colorado case, Heckman v. Manning, 4 Colo. 543, has no application, in no way refers to an action of this kind, and was decided eight years before the passage of the act. The other authorities relied upon are decisions at common law, or upon the statutes of the respective states. None of them afford any aid in the construction of our statute.
Quite a number of errors are assigned to the refusal of the court to give the instructions asked by appellant. An examination shows them to have been in line with the contention that the suit abated as to appellant upon the release of Thede ; consequently, in our view of the law they were properly refused. Exceptions were taken and errors assigned upon the instructions given. Taken as a whole, we think them a proper declaration of the law controlling the case, and' in no respect seriously erroneous. Upon the trial it was contended that appellant asserted no right to the lots in question, that his acts and control were limited to the improvements of which he was the owner. . It is evident from the testimony *92 that a portion, at least, of the improvements were upon the land, that he had no title to any abutting land; that the improvements could only be used in connection with the land; that ingress and egress were only possible to the principal building from the land; that the land itself was constantly used as a yard, and that the business could not be prosecuted without it. No weight could be given to such a defense. If available, a party might dispossess any owner of real estate, erect improvements on any unoccupied property, confine his lease to such improvements and collect the ground rent for* the land, under the specious pretense of leasing his buildings. Such cannot be the law.
No serious error occurred upon the trial to warrant a reversal. The verdict and judgment appear to be in harmony' with the law and warranted by the facts. Appellant, under pretense of owning the buildings upon the land of another, rented the whole thing, collected the rents, applied them to his own use for years; — legally and equitably he was required to pay over the money to the owner. The jury so found and tiie court indorsed the finding. Judgment was entered upon the verdict and should not be disturbed.

Affirmed.