Bissell, P. J.,
delivered the opinion of the court.
There is no matter of law involved herein. The whole controversy is over the evidence, and the contention is as to the legitimate and necessary conclusions to be drawn from it. Two well settled propositions serve to dispose of the case— *375 the first requires no statement of facts. The record discloses neither objection nor exception to the judgment. The decisions are numerous to the point that an exception to the judgment is a condition precedent to a review of the evidence. Burnell et al. v. Wachtel, 4 Colo. App. 556; Rocky Mountain Nat. Bank v. McCaskill, 16 Colo. 408; Hockmark v. Richler, 16 Colo. 263.
The case was tried to the court, which found the facts adversely to the appellant. This likewise relieves us of the necessity to review the testimony. It precludes any reversal of the case, because the finding of the court might be against our conception of the preponderance of the proof. The whole controversy grew out of the copartnership relations which concededly existed between Persse and Gaffney from the time the firm was started, in 1892, to the time it ceased doing business in the fall of that year. There was conflict in the testimony as to the date at which two material events happened. Gaffney insisted that the firm was formed in January, while Persse contended with equal vigor that the partnership relation was not assumed until the ensuing month, and about the 7th of February. There would be very little trouble concerning this. matter but for the fact that the transaction which the suit is about may possibly have had its inception earlier than the date at which Persse places the commencement of the business. The court, however, found this fact against him, and it sided with Gaffney that whatever the date might be it preceded the time when Persse and Gaffney had their dealings with The United Coal Company. That concern, very late in January or very early in February, through Mr. Cannon, its president, negotiated with the firm concerning the placing of some bonds of the company, amounting to about five hundred thousand dollars. It is insisted by Gaffney that the negotiations respecting this matter with Cannon began after the firm was formed, and the court so held. Considerable support is found in the testimony for this theory of Gaffney’s and this decision of the court. At all events, nothing was done about the placing of *376 the bonds until long after the firm had started on its business career. Naturally, if the business was of the sort commonly done by firms of that description, little question can be made as to the right of the members of the firm to share in the profits of the transaction. There is some insistence by the appellant that this matte» was not within the scope of the partnership, but this is not borne out by the history of the firm or by the nature of its business, and in any event the position could not be successfully maintained in face of the fact that the business was treated as partnership business by both Persse and Gaffney during the time it was done. It is wholly unnecessary to recite all the matters leading up to the original deal. It is enough to say that during its progress it became necessary for one member of the firm to visit New York in an attempt to place these bonds with capitalists for-the uses and benefits of the company. Persse took this trip and spent a good deal of time in New York in company with C. C. Brown, who seems to have been brought into the deal by Persse very early in its history. Persse contends that the trip to New York was entirely at his own expense and for his own benefit, that only he and Brown were concerned in the result: but this is vigorously contradicted by Gaffney, who is very strongly upheld in his position by the letters which Persse wrote to him from New York while he was there in reference to the business. A very strong argument can doubtless be built up on the other side of the case from the printed record based upon the testimony of Persse and his son and Mr. Brown ; but it would subserve no useful purpose for us to state that argument and attempt its overthrow by a consideration of the case which the plaintiff Gaffney made out on the trial. The court below heard the testimony, and, having seen the witnesses and listened to their evidence, found the facts against the appellant in respect to all these essential particulars. Such being the case, we are not at liberty to disturb the judgment. In accordance with this finding, the court entered judgment for Gaffney for one half of the profits which Persse realized from the *377 deal, less sundry credits to which he'was entitled by reason of advances to Gaffney. The amount of the judgment seems not to be questioned, and since, in our opinion, it is exceedingly clear that the evidence upon the main propositions was conflicting, we shall adhere to our uniform rule and refuse to disturb the judgment. It will accordingly be affirmed.

Affirmed.