[No. 6380.]

WIGTON ET AL. v. ELLIOTT ET AL.

1.    Interest — Compounding—Under the statute (Mills' Stat., § 2253; Rev. Stat., § 3163) where interest upon an indebtedness has matured, it may, by promissory note or any writing, be converted into principal, and thereafter bear interest.· This is not compounding interest.— (119)

2.    Appeal—Cross Errors, must be assigned, to entitle the appellee or defendant in error to a review of any ruling adverse to him in the trial court (Code, § 386).—(120)

3.    ——Questions Not Considered in the Court Below, will not be determined in the court of review.—(121)

*Error to Pueblo District Court*—Hon. Charles A. Pike, Judge.

Messrs. Russell & Reese and Messrs. Rothgerber & Appel for plaintiffs in error.

Mr. James H. Pershing and Mr. Archibald A. Lee for defendants in error.

Mr. Justice Gabbert delivered the opinion of the court:

The record in this case discloses a somewhat remarkable condition of affairs. April 10, 1901, Joseph Elliott applied to W. I. Wigton for a loan of thirty dollars, which he obtained, in consideration of which he executed his note to Hattie Wigton for $32.00, due May 10th following, and a chattel mortgage on household furniture to secure it. The two dollars was added to the note as a charge for preparing the papers evidencing the transaction. The note provided for interest at the rate of five per cent. per month until paid. When this note matured, the interest was paid and a new one executed for the principal, to which two dollars was added for again drawing the papers. This note was also secured by a chattel mortgage. Thereafter, from time to time, the loan was renewed by new notes and chattel mortgages, and as each note matured, and in some instances before maturity, another one was given for the principal and interest and charges for drawing the papers, less whatever amount had in the meantime been paid thereon. This was repeated no less than fourteen times, and extended to about November 1st, 1906, when the Elliotts executed two notes to the Wigtons, one for $15.95 and the other for $93.15, also secured by chattel mortgage. Some of the notes given, as we understand the record, were executed by both of the Elliotts and some

by only one, and payable to one or the other of the Wigtons. What the facts may be, however, with respect to these matters, is of no material moment. It appears that the aggregate sum paid by the Elliotts, including the last notes given, was several times the amount of the original loan. In May, 1907, they brought suit for an accounting and for cancellation of the notes and mortgages last given, claiming they had paid the Wigtons sums largely in excess of their just obligations. We shall not attempt to give a synopsis of the complaint upon which they based their action, but shall assume that it stated facts to support the theory or theories upon which it was tried.

The court found in favor of plaintiffs, and rendered judgment canceling the notes involved and the chattel mortgage securing them. It is not altogether clear from the briefs of counsel or the opinion of the judge upon what finding of fact the judgment canceling the note for $15.95 was based, but we take it the finding was that this note had actually been paid, subsequent to the time it was given. As counsel fail to call our attention to anything in the record which would indicate that such finding was error, we shall accept it as conclusive, which leaves for consideration only the note of $93.15.

The case was tried before the court upon the theory, upon the part of plaintiffs, that when a note matures, or when it is renewed and a new one is taken for the principal and interest, that interest cannot be recovered on so much of the new note as is represented by such interest. In brief, their claim was that such a transaction is compounding interest, that compound interest is not recoverable in this state, and upon this premise urged that if the transactions between the parties disclosed that compound interest had been paid upon or incor-

porated in the several notes taken in excess of the face of the note involved, it was without consideration, and therefore void. Or, as succinctly stated by the trial judge, in stating the contention for plaintiffs: ''The note sought to be canceled is made up wholly of compound interest, which, being unlawful, as against the policy of the state, is void for want of consideration.''

On behalf of the defendants, counsel contended that when an accounting is had between the parties, as in the case at bar, and a new note taken for the principal and accrued interest, the transaction is legal in all respects, and that interest can be recovered on the whole of such new note. The court adopted the theory of plaintiffs, and found as a fact from the evidence that the transactions embraced interest on accrued interest either paid or incorporated in the notes taken from time to time in a sum in excess of the note for $93.15, which finding we shall accept as correct, and concluded, as a matter of law, that this was taking compound interest, which is inhibited, and therefore declared that the note in question was void.

By statute parties may stipulate in writing for any rate of interest they see fit to agree upon. It has been so determined by numerous decisions of the court of appeals and this court; but reference to such authorities is unnecessary. The statute speaks for itself on the subject, in unmistakable terms, and is as follows:

''The parties to any bond, bill or promissory note or other instrument of writing may stipulate therein for the payment of a greater or higher rate of interest than eight per cent. per annum, and any such stipulation may be enforced in any court of competent jurisdiction.''— § 2253, 1 M. A. S.; § 3163 Rev. Stats.

There is no question regarding the authority of the General Assembly to make the provision that a rate of interest is a matter of contract which parties may evidence in writing. Such being the case, it necessarily and logically follows, that when interest becomes due it represents an indebtedness which the interested parties may then make the subject of a new contract by stipulating in writing when and how it shall be paid, and what rate of interest it shall bear until paid. In brief, as applied to the facts of this case, the law is that after interest becomes due, it may, by agreement, be turned into principal and bear interest. Such an arrangement is not compounding interest.—*Eslava v. Lepretre,* 21 Ala. 504; *Wilcox v. Howland,* 40 Mass. 167; *Mowry v. Bishop,* 5 Paige's Chan. 98; *Guernsey v. Rexford,* 63 N. Y. 631; *Hale v. Hale,* 41 Tenn. 233; *Craig v. McCulloch,* 20 W. Va. 148; *Case v. Fish,* 58 Wis. 56; *Pinckard v. Ponder,* 6 Ga. 253.

The learned trial judge, in support of his conclusion and judgment, cited *Denver B. & M. Co. v. McAllister,* 6 Colo. 261, and *Hockmark v. Richler,* 16 Colo. 263. The most that can be claimed for these cases is, they hold that compound interest contracted for in advance is, in general, not recoverable. That is not the case at bar. In the Hockmark case Mr. Justice Helm, in the course of his opinion, said: "We do not intimate that the arrangement would have been illegal had the promise of appellant to pay compound interest been made *after* instead of *before* the interest to be compounded had accrued."

*Beckwith v. Beckwith,* 11 Colo. 569, is also cited, but it is not in point. In that case the maker of a note stipulated to pay interest on the principal at the rate of two per cent. per month until paid. Some time after its maturity, the maker signed an endorsement on the back of the note to the effect that

in consideration of extending the payment thereof for twelve months from the date of such endorsement, he agreed to pay interest on the balance due, which was specified as a sum certain, at the rate of fifteen per cent. per annum from date until paid. It appears that the amount agreed upon as due included compound interest. In passing upon the case it was said that the maker was not obligated by the terms of the note to pay compound interest, and as the testimony established the fact that at the time of signing the endorsement on the note he was not aware that the sum specified as due included compound interest, and that he relied upon the payee's representations, made at the time, that the amount specified in the contract endorsed on the back of the note was the actual and correct balance, he was relieved from the payment of the compound interest.

Counsel for the Elliotts also urged upon the trial court other propositions, namely, that the several notes were obtained by duress; that the Wigtons had violated the Pawnbrokers' Act; and that the rate of interest stipulated was unconscionable. These are also urged upon our attention, in support of the contention of counsel for defendants in error, that the judgment of the district court should be affirmed. From the opinion and judgment of the trial court it would seem that the last proposition was decided adversely to the defendants in error. Section 386 of the code contemplates that cross-errors may be assigned by the appellee or defendant in error. In order to have the ruling or judgment adverse to the latter considered, cross-errors should be assigned thereon, and, to preserve this right, an exception to the ruling or judgment assigned as cross-error should be taken and preserved. Neither of these rules has been followed.

Counsel for defendants in error say, however, that the court did not pass upon the proposition under consideration. Accepting this as correct, it is clear, then, that the only proposition upon which the court rested its decision was the one relating to compound interest. As a general rule, the province of this court is to review the action of the trial court, and not its non-action. We think that rule is applicable to the propositions now urged upon our attention, and which, according to the contention of counsel for defendants in error, the trial court failed to consider. To determine them necessitates findings of fact from the testimony bearing on the respective subjects. That, in the circumstances of this case, is the province of the trial court. It has opportunities, from having seen and heard the witnesses, to determine their credibility and the weight to be given their testimony, which we do not have from merely reading the record. For these reasons, we decline to pass upon these questions. It appears to be suggested in the brief of counsel for plaintiffs in error that the complaint does not present these questions, or some of them. We need not pass upon this question. The trial court, at another trial, should permit the parties to amend their pleadings as they may be advised.

The judgment of the district court, in so far as it annulled the note for $93.15 and the chattel mortgage securing it, is reversed, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.