NEW YORK LIFE INSURANCE COMPANY *v.* ARNOLD.

4-6589

Opinion delivered January 26, 1942.

*Carter & Smith* and *Rose, Loughborough, Dobyns & House,* for appellant.

*B. F. Arnold* and *E. F. Freidell,* for appellee.

McHANEY, J.   On December 1, 1928, appellant issued to appellee a policy of life insurance, effective from October 19, 1928, which latter date is the anniversary date of the policy, for $1,000, with a double indemnity provision and disability benefits, in consideration of an annual premium of $28.21 payable in advance.   Two annual premiums were paid, but on October 19, 1930, the manner of paying premiums was changed from annual to quarterly of $7.48 each.   The policy contained a loan provision as follows:   "After three full years' premiums have been paid and before default in the payment of premium, the company, upon receipt of this policy and loan agreement satisfactory to the company, will advance to the insured on the sole security of this policy any amount which, with interest, shall be within the limit of the cash surrender value of this policy.   Interest on the loan will be at the rate of six per cent. per annum payable annually on the anniversary of the policy.   Any existing indebtedness to the company on this policy, including accrued interest thereon, will be deducted from the amount of said loan.   If interest is not paid when due it shall be added to the principal.   All or any part of the indebtedness may be repaid at any time while the policy is in

force. Failure to repay such indebtedness or to pay interest will not avoid the policy, but whenever the amount of the total indebtedness equals the cash surrender value, the policy shall become void one month after the company shall have mailed notice to the last known address of the insured and of the assignee of record, if any.''

On April 10, 1933, appellee applied for and was granted a loan of $37, on which the interest to October 19, 1934, in the sum of $2.22, was not paid and was added to the principal, making a total of $39.22, in accordance with that provision in the loan paragraph above quoted that interest at six per cent. per annum shall be ''payable annually on the anniversary date of the policy'' and ''If interest is not paid when due it shall be added to the principal.'' On February 19, 1935, appellee applied for an increase in the loan to cover her quarterly premium of $7.48 which became due January 19, 1935, and same was granted, making the new loan $47.50, which covered and retired the previous loan of $39.22, the accrued interest thereon of 80 cents from October 19, 1934, to February 19, 1935, and the quarterly premium of $7.48. This was done in accordance with that clause in the above quoted loan provision that, ''any existing indebtedness to the company on this policy, including accrued interest thereon, will be deducted from the amount of said loan.'' In like manner and with like deductions for accrued interest, the above mentioned loan of $47.50 was increased on each of the following dates, May 20, 1935, August 19, 1935, February 19, 1936, August 19, 1936, February 19, 1937, and May 20, 1937, on which date the loan was for $94. All of the loans, except the first in 1933, were made for the purpose of paying the quarterly premiums, and on each occasion a part of the premium was paid in cash. The quarterly premium which became due July 19, 1937, was not paid. On that date there was a loan against the policy for $94 and accrued interest from May 20, 1937, of 94 cents, or a total indebtedness of $94.94, with a cash value of $95.25, leaving an excess cash value over the indebtedness of 31 cents, so the policy lapsed as of July 19, 1937, and the excess of 31 cents was used to purchase

and did purchase temporary insurance in the sum of $906 up to August 2, 1937, at which time the policy had no value.

Appellee brought this action against appellant to recover $95.25, the cash surrender value of the policy, alleging that, at the time of the lapsing of the policy, the surrender value was greater than the indebtedness, and that by lapsing it in violation of the contract, she was damaged in said sum. Appellee answered with a general denial and set up the facts heretofore stated. Trial before the court without a jury resulted in a judgment against appellant for the sum sued for, $95.25, and costs.

The trial court found or concluded that appellant "had no right to forfeit the policy for the nonpayment of the July 19, 1937, quarterly premium, and could only forfeit the policy on the anniversary date, which was October 19, 1937, and that lapsing the policy prior to that date was premature and a breach of the contract." The court also found that appellee refused to pay the July 19, 1937, quarterly premium "on the ground that the defendant was collecting quarterly interest on the loan contrary to the terms of the policy."

We think the court was in error in both respects. When appellee executed the first loan agreement in April, 1933, when she borrowed $37, she agreed "To pay said company on the next anniversary of said policy interest on said loan at six per cent. per annum from this date to said anniversary, and annually thereafter on each anniversary of said policy." Under this clause the interest on the $37 would have been payable annually on October 19, of each year during the life of the loan. But, when she increased the amount of said loan on said policy between the last anniversary date and the next succeeding, the policy very plainly provides that, from the new loan, there shall be deducted "any existing indebtedness to the company, including accrued interest thereon." Thus, the interest on the new loan would be payable on the anniversary date, unless prior thereto she made another new loan, as she did on many occa-

sions, in all of which except the last, she made no objection to the action of the company in deducting the accrued interest, and in many of which she paid, without objection, a sum in cash on the then existing indebtedness.

The court was in error in holding that this policy could lapse only on the anniversary date. The premiums were payable in advance whether annually, semi-annually or quarterly by express requirements of the policy. The quarterly premium due July 19, 1937, was sought to be paid by appellee by a new loan. Appellant was willing to make a new loan if appellee would pay the accrued interest on the loan then outstanding, which she refused to do, so that premium was not paid and the policy lapsed. The court found that appellant "refused to pay the premium due on July 19, 1937, in the sum of $7.48 on the ground that the defendant was collecting quarterly interest on the loan contrary to the terms of the policy." In this the court fell into error.

The judgment is, therefore, reversed and the cause dismissed.