Constantine Barutio, Appellant, v. New York Life Insurance Company, a Corporation, Respondent.—177 S. W. (2d) 685.

St. Louis Court of Appeals. Opinion filed February 8, 1944.

*Raymond J. Lahey* for appellant.

*Jones, Hocker, Gladney & Grand* and *James C. Jones, Jr.,* for re-spondent.

*F. H. Pease* of counsel.

SUTTON, C.—This is an action in equity to compel defendant to reinstate a policy of life insurance in the sum of two thousand dollars, issued to plaintiff by defendant, on December 3, 1929, and which lapsed for nonpayment of quarterly premium due on June 3, 1939.

The trial resulted in a judgment for defendant, and plaintiff appeals.

The policy was issued in consideration of the payment in advance of a premium of $70.34, which continued the policy in force to December 3, 1930, and the payment of a like sum on December 3, 1930, and every twelve months thereafter during the insured's lifetime.

The policy provides that the payment of the premium shall not maintain the policy in force beyond the date when the next payment becomes due except as to the benefits provided for after default in premium payment.

On January 19, 1932, pursuant to the privilege accorded by the policy, the insured elected to pay the premiums on the policy quarterly in the sum of $18.64 on the 3rd day of December, March, June, and September.

All the premiums due under the policy were paid up to and including the quarterly premium due March 3, 1939. The quarterly premium of $18.64 due June 3, 1939, was not paid either on or prior to that date, or within the thirty days of grace allowed by the policy for the payment of premiums.

Upon the failure of plaintiff to pay the quarterly premium due June 3, 1939, within the required time, the insured, under the terms of the policy, became automatically entitled, under the nonforfeiture benefits of the policy, to extended insurance for the face amount of the policy, less the outstanding indebtedness thereunder, for such period of time as the cash value of the policy on June 3, 1939, less the outstanding indebtedness, would purchase as a net single premium at the insured's attained age.

The cash value of the policy on June 3, 1939, amounted to $310. The indebtedness outstanding against the policy, on June 3, 1939, amounted according to defendant's claim to $290.84, but amounted according to plaintiff's claim to $290.30, a difference of 54 cents.

Deducting the indebtedness of $290.84 from the cash value left a balance of $19.16, and deducting the indebtedness of $290.84 from the face amount of the policy left a balance of $1709.16. Defendant, however, allows plaintiff a difference, between the face amount of the policy and the indebtedness, of $1710. The balance of the cash value, $19.16, remaining after the deduction of the indebtedness of $290.84 was sufficient to continue the policy in force as extended insurance in the sum of $1710 from June 3, 1939, to May 6, 1940.

On the assumption, however, that the actual indebtedness against the policy on June 3, 1939, was $290.30, or 54 cents less than that claimed by defendant, then the additional sum of 54 cents would have continued the policy in force in the sum of $1710 as extended insurance for an additional period of about ten days or until about May 16, 1940.

The policy provides as follows:

"After three full years' premiums have been paid and before default in the payment of premium, the Company, upon receipt of this Policy and a Loan Agreement satisfactory to the Company, will advance to the insured on the sole security of this policy any amount which, with interest, shall be within the limit of the Cash Surrender Value of this Policy. Interest on the loan will be at the rate of six per cent per annum payable annually on the anniversary of the Policy. Any existing indebtedness to the Company on this Policy, including accrued interest thereon, will be deducted from the amount of said loan. If interest is not paid when due it shall be added to the principal."

There were ten loans or advances made on the policy. For each loan or advance made, plaintiff gave defendant what is called a premium lien note. The first note was made on April 3, 1932, for $54.52 for the amount of a loan or advance to pay balance of annual premium due December 3, 1931. The second was made on October 4, 1935, for $127.62 for loan or advance to pay annual premium due September 3, 1935, amounting to $70.34, and to pay the previous note of $54.52 with interest accrued on the previous note from December 3, 1934, to October 4, 1935, amounting to $2.76. The third was made on April 3, 1937, for $148.81 for loan or advance to pay premium due March 3, 1937, amounting to $18.64, and to pay previous note of $127.62 with interest accrued on the previous note from December 3, 1936, to April 3, 1937, amounting to $2.55. The other notes were made on October 4, 1937, January 3, 1938, April 3, 1938, July 4, 1938, October 4, 1938, January 3, 1939, and March 3, 1939. Each of these notes was given for a loan or advance by the company to pay a quarterly premium due and the amount of the previous note with accrued

interest. Plaintiff made no objection at the time of any of these transactions to the inclusion of accrued interest in the notes given. The amount due on June 3, 1939, on the note given on March 3, 1939, with interest accrued from March 3, 1939, to June 3, 1939, was $290.84.

In each of said notes plaintiff agreed as follows:

"To pay said company on the next anniversary of said policy, interest on said sum at the rate of six per cent per annum from this date to said anniversary, and annually thereafter on each anniversary of said policy. If interest is not paid on the date when due, it shall be added to the principal and bear interest at the same rate.

"Said indebtedness shall become due and payable if there is default in the payment of any premium on said policy, in which event the sum so due and payable with interest, shall, without demand or notice of any kind, every demand and notice being hereby waived, be deducted in the manner provided in said policy, and thereupon said indebtedness shall be deemed fully paid and satisfied."

Plaintiff contends that his indebtedness of $290.84 as claimed by defendant instead of $290.30 as claimed by plaintiff is arrived at by the compounding of interest several times a year in repudiation of the policy loan agreement, which, he says, allows only simple interest, and also in violation of the statute, Section 3232, Revised Statutes of 1939, which provides as follows: "Parties may contract, in writing, for the payment of interest upon interest; but the interest shall not be compounded oftener than once a year."

We have arrived at the conclusion that this contention is untenable for the reason that under the conceded facts there was no compounding of interest on any of the loans or advances. We have arrived at this conclusion after a laborious examination of the authorities.

In Wigton v. Elliott (Colo.), 111 Pac. 713, plaintiff loaned defendant a sum of money and received defendant's interest-bearing note therefor. When this note became due, the interest was not paid and another note was given for the principal and interest. This was repeated not less than fourteen times. Sometimes the new notes were given at the maturity of the old notes, and sometimes before the maturity of the old notes. The court, holding that there was no compounding of interest involved in these transactions, said:

"There is no question regarding the authority of the General Assembly to make the provision that a rate of interest is a matter of contract which parties may evidence in writing. Such being the case, it necessarily and logically follows that when interest becomes due it represents an indebtedness which the interested parties may then make the subject of a new contract by stipulating in writing when and how it shall be paid, and what rate of interest it shall bear until paid. In brief, as applied to the facts of this case, the law is that after interest becomes due it may, by agreement, be turned into principal and bear interest. Such an arrangement is not compounding interest.

[Eslava v. Lepretre, 21 Ala. 504, 56 Am. Dec. 266; Wilcox v. Howland, 40 Mass. 167; Mowry v. Bishop, 5 Paige (N. Y.) 98; Guernsey. v. Rexford, 63 N. Y. 631; Hale v. Hale, 41 Tenn. 233, 78 Am. Dec. 490; Craig v. McCulloch, 20 W. Va. 148; Case v. Fish, 58 Wis. 56, 15 N. W. 808; Pinckard v. Ponder, 6 Ga. 253.]

"The learned trial judge, in support of his conclusion and judgment, cited Denver, B. & M. Co. v. McAllister, 6 Colo. 261, and Hockmark v. Richler, 16 Colo. 263, 26 Pac. 818. The most that can be claimed for these cases is, they hold that compound interest contracted for in advance is, in general, not recoverable. That is not the case at bar. In the Hockmark case Mr. Justice Helm in the course of his opinion said: 'We do not intimate that the arrangement would have been illegal had the promise of appellant to pay compound interest been made after instead of before the interest to be compounded had accrued.' "

In Household Finance Corp. v. Goldring, 33 N. Y. S. (2d) 514, affirmed in 289 N. Y. 574, plaintiff loaned a sum of money to defendants for which defendants gave their interest bearing note. Defendants afterwards applied to plaintiff for a new loan of $125. Plaintiff cancelled the old note on which there was a balance due on the principal of $68.42 and added the accrued interest of 46 cents, making a total of $68.88. Plaintiff then paid defendants the balance of $56.12 of the proceeds of the loan. Defendants executed their note for the amount of $125, and on this note the suit was brought. Defendants failed to make any payments on the new note, contending that when the plaintiff deducted 46 cents for interest from the proceeds of the loan there was a compounding of interest. The court, disposing of this contention, said: .

"It is not disputed and was, indeed, conceded on the argument, that if the defendants had paid their earlier note together with the accrued interest of forty-six cents, and had thereupon borrowed from the plaintiff the full amount thus paid or any other sum, no question of compounding interest would arise. It is contended, however, that because the balance of the earlier note together with the interest of forty-six cents was not paid in cash to the lender but was deducted from the proceeds of the new loan, interest has been compounded and the note is void. The realist must at once suspect that there is something wrong in such a paradox and that, both in theory and in practice, the transactions are identical. When the lender deducts the accrued interest from the proceeds of a new loan, the transaction differs in no respect from a payment of the interest in cash. . . .

"We think the term 'compound interest', as it is commonly understood, applies to an agreement whereby interest thereafter to accrue automatically bears interest. Such agreements the law has refused to countenance principally for the reason that an improvident debtor. is not likely to realize the extent to which the interest will accumulate. Though the term 'compound interest' may apply in certain other

circumstances, we think it does not apply where interest has already fallen due and has become a debt which, like any other debt, may either be paid in cash or reloaned to the debtor under a new agreement that it shall bear interest. Such an agreement is not a snare which is likely to entrap the unwary, for the borrower cannot fail to realize the exact extent of his obligation. . . .

"We think the true principle to be applied is that upon maturity of the note either by expiration of its terms or by agreement of the parties, the interest when deducted from the proceeds is to be regarded as a part of the principal of the new loan and, accordingly, that the interest charged on the total debt does not constitute 'compounded interest'."

See, also, of like tenor: New York Life Ins. Co. v. Arnold (Ark.), 158 S. W. (2d) 470; Mills v. Equitable Life Assur. Soc., 28 N. Y. S. (2d) 1013; Mills v. Equitable Life Assur. Soc. (N. Y.), 38 N. E. (2d) 390; Young v. Hill, 67 N. Y. 162; Walker v. Dunham, 135 Mo. App. 396, 115 S. W. 1086; Meinholtz v. Lampert (Mo. App.), 101 S. W. (2d) 503; Brooklyn Ins. Co. v. Dutcher, 95 U. S. 269; Musser v. Murphy (Idaho), 286 Pac. 618.

In the Walker case this court said:

"In the case at bar the old note, according to the undisputed testimony, was given up by the holder to the maker when the new note was executed and delivered. That extinguished the old note. While there is conflict in the cases as to the effect of renewals, all hold, so far as we are aware, that if the intent is to extinguish the one by the other, then the renewed note is treated as a new transaction on a new promise."

The text of 33 C. J. 192, says:

"It is undisputed that after interest has accrued it is perfectly competent for the parties to the obligation to agree to add the accrued interest to the principal, thus making a new principal upon which interest is to be allowed. . . . Where the contract for interest on accrued interest is evidenced by a new note given or embraced in a new security after the interest is payable, the recovery of interest on interest in such instances is always allowed."

The authorities to which we have referred seem to speak chiefly with respect to the validity of an agreement to pay interest on interest accrued on the original obligation made after the interest has accrued, though the new obligation includes nothing but the principal of the old obligation and interest accrued thereon. We have a much stronger case here to sustain the validity of the agreement to pay interest accrued in that in each instance when a new loan was made and a new note given the new note included not only the amount of the earlier note and interest accrued thereon, but included a further sum sufficient to cover the premium then due on the policy. Moreover, in each instance the earlier note was cancelled and delivered up to the plain-

tiff. Obviously, there was in these transactions no compounding of interest within the generally accepted meaning of that term.

We are not dealing here with a case where a note given includes usurious or illegally compounded interest on a previous indebtedness. There is a wide difference between such a note and a note which merely includes accrued legal interest.

Plaintiff relies on Vaughn v. Graham, 234 Mo. App. 781, 121 S. W. (2d) 222. That case is clearly distinguishable from this case. In each instance in that case, when a new note was given for an earlier note, the new note was for the amount of the earlier note with accrued interest, no further sum being loaned and included in the new note, whereas in this case in each instance the new note included an additional loan or advance. Moreover, that case was decided under the provisions of a special statute, relating to small loans.

It follows that the judgment in this case should be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Hughes, P. J.,* and *McCullen* and *Anderson JJ.,* concur.